# TEXAS & PACIFIC RAILWAY COMPANY *v.* MARCUS.

## ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 790. Submitted March 1, 1915.—Decided April 12, 1915.

A corporation created by an act of Congress has an inherent right to invoke the jurisdiction of this court to review a judgment of the Circuit Court of Appeals.

On the record in this case this court sees no reversible error and affirms the judgment.

THE facts, which involve the validity of a judgment for damages for personal injuries, are stated in the opinion.

*Mr. S. P. Jones* for defendant in error in support of the motion.

When a passenger train blocks a public way and the vestibule openings between the coaches have, for many years, been left open as a passageway for the public, starting the train without closing the doors thereof or giving signal raises the issue of negligence. *Chicago & Ohio Ry.* v. *Steele,* 29 C. C. A. 81; 2 Thompson on Negligence, §§ 1568–1571, 1726.

Where the public has long used the openings between coaches as a passway, the railway company, in starting the train, owes the same duty to give signals as it would before starting the train across a public way. *Adams* v. *Southern Ry.,* 28 C. C. A. 495; *S. C.,* 84 Fed. Rep. 596; *Balt. & Pot. Ry.* v. *Cumberland,* 176 U. S. 232; *Del. Improvement Co.* v. *Steed,* 75 U. S. 161; *Ellsworth* v. *Metheny,* 44 C. C. A. 484; *Grand Trunk Ry.* v. *Ives,* 144 U. S. 408; *Tex. & Pac. Ry.* v. *Cody,* 166 U. S. 606.

Where the openings between coaches have been used with the acquiescence of the railway company for a number of years as a passway, starting the train with a jerk without giving signals raises the issue of negligence, though the engineer did not know that any person was passing through the opening, for he would be charged with notice of the probability of persons being in a position to be injured. 2 Thompson on Negligence, §§ 1472–1552–1562–1568–1571.

*Mr. F. H. Prendergast* for plaintiff in error in opposition to the motion.

The mere fact that the train started with a jerk when it backed out of a station, would not be negligence unless the jerk was unusual. *Boston Elevated Ry.* v. *Smith,* 168

Fed. Rep. 629; *Hogan* v. *Railroad,* 59 Wisconsin, 150; *Tex. & Pac. Ry.* v. *Breadow,* 90 Texas, 27; *Tex. & Pac. Ry.* v. *Staggs,* 90 Texas, 485.

After a passenger train has remained at a station the usual length of time, the conductor does not have to examine to see if persons not passengers, and not intending to become such, are climbing on or off the train. *Bennett* v. *Railroad,* 102 U. S. 584; *Griswald* v. *Chicago Railroad,* 23 Am. & Eng. R. R. Cas. 464; *Gardner* v. *Railroad,* 56 Connecticut, 143; *Gillis* v. *Railroad,* 59 Pa. St. 129; *Keller* v. *Railroad,* 27 Minnesota, 178; *Lucas* v. *New Bedford R. R.,* 6 Gray, 64; *Lucas* v. *New Bedford R. R.,* 66 Am. Dec. 406; *Lawton* v. *Little Rock R. R.,* 18 S. W. Rep. 459; *McKone* v. *Railroad,* 51 Michigan, 601; *Mitchell* v. *Railroad,* 51 Michigan, 238; *Railway* v. *Letcher,* 69 Alabama, 106; *Railway* v. *Miller,* 27 S. W. Rep. 905; Sherman & Redf. on Neg. 36; *Sutton* v. *Railway,* 66 N. Y. 248; *Tex. & Pac. Ry.* v. *McGilvray,* 29 S. W. Rep. 68.

Where a train headed east opened the vestibules on the north side to allow passengers to leave the car on that side and go to another train waiting on that side, then it is not negligence to allow the vestibules to remain open until the incoming train starts to back out. *Davis* v. *Railroad,* 58 Wisconsin, 657; *Davis* v. *Railroad,* 15 Am. & Eng. R. R. Cas. 424; *Gardner* v. *Railroad,* 51 Connecticut, 143; *Mitchell* v. *Railroad,* 51 Michigan, 238.

Memorandum opinion by MR. CHIEF JUSTICE WHITE, by direction of the court.

The Texas & Pacific Railway Company, a corporation created by an act of Congress, prosecutes this writ of error to reverse a judgment of the court below affirming one of the trial court entered on the verdict of a jury in favor of the defendant in error awarding damages alleged to have been by her suffered through the negligence of the Railway Company. We pass from the motion to

dismiss as there is jurisdiction. *Texas & Pacific Ry. Co.* v. *Hill, ante,* p. 208.

To understand the controversy a statement of the circumstances from which it arose is essential. Immediately north of the depot of the Railway Company at Marshall, Texas, two tracks run east and west. At the time here in question on the track farthest from the depot, the more northern of the two, there stood a train scheduled shortly to depart east for Shreveport, Louisiana. A party including the defendant in error, accompanying a friend who was leaving on such train, came to the depot and crossed over to the waiting train. While they were there a train bound west for Texarkana, which was behind time, came in and was stopped on the track immediately north of the depot and therefore stood between the track on which the Shreveport train was standing and the platform of the depot. When the party, after bidding goodbye to their friend started to return to the depot they found the Texarkana train barring their passage. The vestibules, however, between some or all of the cars of this train were open and most of the party crossed through an open vestibule to the depot platform. When, however, the defendant in error was doing so, by a sudden jerking movement of the train made without any notice or warning, as she alleged, she was thrown down and received the injury for which she sued. It is not traversed that usually persons wishing to go from the depot platform to a train standing on the northern track crossed the open vestibules on trains standing on the track nearest the depot. It was disputed, however, whether on coming from a train standing on the farthest track, it was usual to cross an open vestibule of an intervening train for the purpose of reaching the depot. There was dispute as to whether notice was given of the movement of the Texarkana train.

The trial court gave to the jury full instructions concerning every aspect of the case, some of which were

objected to on the ground that the tendency of the proof was not such as to justify the instructions. The court also refused to give certain instructions asked by the Railway Company which either depended upon assumptions as to the condition of the proof or were equivalent only to an expression in different. form of the contention concerning the tendency of the proof which formed the basis of the exception to the charges which were given.

Examining the whole record and considering all the propositions and arguments deemed as sustaining them pressed at bar we are of opinion that all the contentions urged to show that reversible error exists in ultimate analysis rest upon assertions as to the existence or non-existence of tendencies of the proof; in other words, in substance but assert that there was nothing in the case to justify its going to the jury for decision. When the case is thus resolved, we are clearly of the opinion that the propositions relied upon are without merit and therefore that no reversible error exists and the judgment below should be affirmed. As the grounds upon which this conclusion rests involve only a consideration of the evidence and the tendencies of the proof resulting from it, matters of no doctrinal concern, we again say that we see no necessity of doing more than announce our conclusion. *Seaboard Air Line Ry. Co.* v. *Padgett*, decided March 22, 1915, 236 U. S. 668, *Texas & Pacific Ry. Co.* v. *Hill, supra.*

*Affirmed.*