# Sims, Appellant, *v.* Pennsylvania Railroad Co.

*Negligence—Railroads—Brakeman—Defective coupler—Proximate cause—Assumption of risk—Contributory negligence—Interstate commerce—Interstate traffic—Evidence—Bill of lading—Best evidence—Constitutional law—Penalties—Personal injuries—Acts of Congress of March 2, 1893, ch. 196, 27 Stat. L. 531, and March 2, 1903, Ch. 976, 32 Stat. L. 943—Nonsuit.*

1. The Safety Appliance Act of Congress of March 2, 1893, ch. 196, 27 Stat. L. 531, as amended by the Act of March 2, 1903, 32 Stat. L. 943, applies equally to interstate and intrastate commerce, whenever the intrastate traffic is on an interstate highway.

2. The amendment of 1903 is constitutional both as applied to a suit for a penalty and to an action for personal injuries.

3. Although the statute does not expressly confer a right of action for death or personal injuries from an accident, occurring in the course of intrastate traffic on an interstate railway, it is im-

plied; and is sustained on the ground that such accidents are a menace to interstate commerce.

4. It is the duty of a railway company to equip its cars with safety appliances and to maintain the same; from which it can be discharged only by performance.

5. The failure of the company to comply with the statute, must be the proximate cause of an injury resulting from a defective appliance.

6. Where a brakeman is injured while attempting to adjust an automatic coupler, the fact that the coupler failed to work, is sufficient evidence for the jury to find that it was defective.

7. The fact that the adjustment of the coupler took place half a block away from where it was to take effect, does not take the accident out of the rule as to proximate cause, so long as the act of the brakeman was intended to accomplish the coupling. The question of proximate cause, in such case, is for the jury.

8. The question of assumption of risk by an employee is not available to an employer who has violated the federal statute relating to safety appliances.

9. The federal statutes, so far as relate to injuries sustained in intrastate traffic on an interstate railway, leave untouched the question of contributory negligence.

10. Where there is a question as to whether a car was engaged in interstate or intrastate traffic, a party cannot testify as to the contents of a bill of lading so as to establish the status of the car, where he has given no proof of his inability to secure the production of the original bill of lading.

11. A party may, however, testify to what he did with a certain car and when he did it, inasmuch as that relates to a matter of fact.

*Evidence—Contradiction of party's own witness.*

12. A party to the record is not precluded from giving his version of a transaction because one of his witnesses had testified differently even though the latter had refreshed his memory from a book entry.

Argued October 16, 1923. Appeal, No. 138, Oct. T., 1923, by plaintiff, from order of C. P. Allegheny Co., April T., 1922, No. 618, refusing to take off nonsuit, in case of George Sims v. Pennsylvania Railroad Company. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries.  Before ROWAND, J.
The opinion of the Supreme Court states the facts.
Nonsuit; refusal to take off.  Plaintiff appealed.

*Error assigned* was order, quoting record.

*J. Thomas Hoffman,* for appellant.

*Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellee.

OPINION BY MR. JUSTICE WALLING, January 7, 1924:

This appeal by plaintiff is from the trial court's refusal to take off a compulsory nonsuit, granted in his action against the defendant railroad company for personal injuries sustained by him while in its employ as a brakeman.  Such refusal was error.  Defendant has a freight yard along the south side of its main tracks at East Liberty, where, on the evening of August 27, 1921, plaintiff was engaged with other members of a local crew in making up an out-going train.  For that purpose they had placed cars (herein called the line) on a siding and were attempting to add two others by an engine pushing them back against the line.  When they got within about two hundred feet of the latter, the engine and the two cars were stopped that plaintiff might alight and turn a switch on the north side of this track.  Then, while standing outside of the track, he attempted to adjust the automatic coupler on the end of the car facing the line, by the use of the lever, but it would not operate, so he stepped in between the rails and adjusted it by hand.  Then he attempted to step off the track to the south, where his duty called him, but before he could do so, was hurt by a sudden movement of this car, caused by an unexpected push of the engine.

The trial court based its action on the ground of the absence of proof that the cars causing the injury were at the time engaged in interstate commerce; and on the

further ground that the defective coupler was not the proximate cause of the accident; neither is tenable. Plaintiff's claim is stated in the alternative for injuries sustained either in interstate or intrastate traffic; while the proofs may not make out a prima facie case for the former they do for the latter. True, the original Safety Appliance Act of Congress of March 2, 1893, ch. 196, 27 Stat. L. 531, embraced interstate commerce only (Brinkmeier v. Missouri P. Ry. Co., 224 U. S. 268), but as amended by the Act of March 2, 1903, ch. 976, 32 Stat. L. 943 (relevant sections of these acts appear in 234 U. S. beginning on page 731), it applies equally to both whenever, as here, the intrastate traffic is on an interstate highway: Southern Ry. Co. v. R. R. Com. of Ind., 236 U. S. 439; San Antonio & A. P. Ry. v. Wagner, 241 U. S. 476; Texas & Pacific Railway Co. v. Rigsby, 241 U. S. 33; 2 Roberts Federal Liabilities of Carriers 1259, 1270. The amendment of 1903 is constitutional both as applied to a suit for a penalty (Southern Ry. Co. v. United States, 222 U. S. 20) and to an action for personal injuries: Texas & Pacific Ry. Co. v. Rigsby, supra. The latter case holds that a right of action for death or personal injuries is implied in such case although not expressly conferred by the statute; and see St. Louis, I. M. & S. Ry. Co. v. Taylor, 210 U. S. 281. This federal regulation of intrastate traffic is sustained on the ground that accidents occurring in the course of such traffic, while on an interstate railway, is a menace to interstate commerce thereon: Southern Ry. Co. v. United States, supra.

It is the duty of the railway company to equip its cars with safety appliances and to maintain the same; from which it can be discharged only by performance. See Chicago, B. & Q. Ry. v. United States, 220 U. S. 559; Great Northern Ry. Co. v. Otos, 239 U. S. 349; Minneapolis & St. L. R. Co. v. Gottschall, 244 U. S. 66; Spokane & I. E. R. Co. v. Campbell, 241 U. S. 497; San Antonio & A. P. Ry. v. Wagner, supra.

Furthermore, the fact that the coupler failed to work is sufficient evidence for the jury to find it was defective: San Antonio & A. P. Ry. v. Wagner, supra; Minneapolis, etc., Ry. Co. v. Popplar, 237 U. S. 369; Philadelphia & R. Ry. Co. v. Eisenhart, 280 Fed. 271; Chicago, R. I. & Pac. Ry. v. Brown, 229 U. S. 317; and see Crumley v. Penna. R. R. Co., 272 Pa. 226.

The failure of the employer to comply with the statute, however, must be the proximate cause of the injury (Great Northern Ry. Co. v. Otos, supra; Spokane & I. E. R. Co. v. Campbell, supra; Louisville R. Co. v. Layton, 243 U. S. 617; Lang v. New York C. R. Co., 255 U. S. 455), that is, the immediate or nearest cause. In the instant case it may well be so considered, for it was Sims' duty to adjust the coupler, and its defective condition rendered it necessary for him to go close behind the car, where he was struck, which otherwise he need not have done. The unexpected movement of the car was rather the condition than the cause of the accident. There is necessarily more or less movement connected with the act of coupling cars, but that does not excuse where an employee is compelled to put himself in a place of danger because of a defective appliance. In Louisville & Nashville R. Co. v. Layton, supra, Mr. Justice CLARKE, speaking for the court, says: "The language of the acts and the authorities we have cited make it entirely clear that the liability in damages to employees for failure to comply with the law springs from its being made unlawful to use cars not equipped as required,— not from the position the employee may be in or the work which he may be doing at the moment when he is injured. This effect can be given to the acts and their wise and humane purpose can be accomplished only by holding, as we do, that carriers are liable to employees in damages whenever the failure to obey these safety appliance laws is the proximate cause of injury to them when engaged in the discharge of duty." In such case courts are prone to attribute the injury to the defect.

See Fegley v. Lycoming Rubber Co., 231 Pa. 446; Krutlies v. Bulls Head Coal Co., 249 Pa. 162. The result is not changed in the present case because plaintiff was adjusting the coupler half a block from where it was to take effect, so long as his act was intended to accomplish the coupling; he ran less risk there than he would if between the cars at the place of contact. McCalmont v. P. R. R., 283 Fed. 736, cited by appellee, is inapplicable because the intention in the instant case was to make a coupling presently by letting the cars run down the track. The trial court here was not justified in holding as matter of law that the defective appliance was not the proximate cause of the accident; at most it was a question for the jury. See Moyer v. Penna. R. Co., 247 Pa. 210, 216; Falyk v. Penna. R. R. Co., 256 Pa. 397.

The question of assumption of risk is not available to one who has violated the federal statutes relating to safety appliances; section 8 of the Act of 1893 expressly so provides. See Southern Ry. Co. v. Crockett, 234 U. S. 725; Schlemmer v. Buffalo R. & P. Ry., 220 U. S. 590. Cases, however, growing out of intrastate traffic are governed by state laws, except as modified by the federal safety appliance acts: Minneapolis, etc., Ry. Co. v. Popplar, supra; Roberts Federal Liabilities of Carriers 1288.

The federal statutes so far as relate to injuries sustained in intrastate traffic on an interstate railway, leave untouched the question of contributory negligence: Minneapolis, etc., Ry. Co. v. Popplar, supra; Schlemmer v. Buffalo, R. & P. Ry. Co., supra, affirming 222 Pa. 470. But in the instant case no question of contributory negligence was raised in the trial court, nor is it here, and the evidence discloses nothing that would, as matter of law, defeat plaintiff's claim upon that ground.

In the absence of any adequate proof of plaintiff's inability to secure the production of the original bill of lading of the car in question, the trial judge properly

excluded plaintiff's offer to testify to its contents: Joynes to use v. Railroad Co., 234 Pa. 321; Stern v. Stanton, 184 Pa. 468; Ferguson v. Barber A. Paving Co., 59 Pa. Superior Ct. 386, 390; 22 C. J. 986. Plaintiff should have been permitted, however, to testify to what he did with a certain car and when he did it, as that related to a mere matter of fact. Nor was he precluded from so doing because he might contradict the testimony of a witness previously called by him. In other words, a party to the record is not precluded from giving his version of a transaction because one of his witnesses had testified differently even though the latter had refreshed his recollection from a book entry. See American Mfg. Co. v. Smith Co., 33 Pa. Superior Ct. 469. The correct rule is stated in 17 Cyc. at page 482: "The contents of bills of lading cannot be proved by parol under the best evidence rule. But the receipt of goods by a common carrier [here the movement of a car] can be proved by parol without producing the bill of lading or accounting for its absence." The evidence excluded was important only as tending to show plaintiff at the time was engaged in interstate commerce, and that was not a vital question in the case.

We have stated the facts as plaintiff's evidence tends to show them, without intending in any manner to prejudice the further consideration of the case.

The evidence of the physicians and others, as to the extent of plaintiff's injuries, has no bearing on the questions raised by the appeal and should not have been printed in the record. See Revised Court Rule 55.

We have not discussed the Federal Employers' Liability Act, as that is limited to interstate traffic: Roberts Federal Liabilities of Carriers 775.

The order refusing to take off the nonsuit is reversed with a procedendo.