**Rule 123. Application for Relief.**

(a) * * *

(b) * * *

(c) * * *

(d) * * *

(e) * * *

(f) *Certificate of compliance with **Case Records** Public Access Policy of the Unified Judicial System of Pennsylvania[: Case Records of the Appellate and Trial Courts].*— An application or answer filed under this Rule shall contain the certificate of compliance required by Pa.R.A.P. 127.

**Official Note:** * * *

**Rule 127.    Confidential Information and Confidential Documents.  Certification.**

(a)   Unless public access is otherwise constrained by applicable authority, any attorney or any unrepresented party who files a document pursuant to these rules shall comply with the requirements of Sections 7.0 and 8.0 of the *__Case Records__ Public Access Policy of the Unified Judicial System of Pennsylvania[: Case Records of the Appellate and Trial Courts]* ("Public Access Policy").  In accordance with the Policy, the filing shall include a certification of compliance with the Policy and, as necessary, a Confidential Information Form, unless otherwise specified by rule or order of court, or a Confidential Document Form.

(b)  Unless an appellate court orders otherwise, case records or documents that are sealed by a court, government unit, or other tribunal shall remain sealed on appeal.

**Official Note:** Paragraph (a)—"Applicable authority" includes but is not limited to statute, procedural rule, or court order.  *The __Case Records__ Public Access Policy of the Unified Judicial System of Pennsylvania[: Case Records of the Appellate and Trial Courts]* ("Public Access Policy") can be found at http://www.pacourts.us/public-records. Sections 7.0(D) and 8.0(D) of the Public Access Policy provide that the certification shall be in substantially the following form:

*I certify that this filing complies with the provisions of the __Case Records__ Public Access Policy of the Unified Judicial System of Pennsylvania[: Case*

***Records of the Appellate and Trial Courts]*** that require filing confidential information and documents differently than non-confidential information and documents.

Appropriate forms can be found at http://www.pacourts.us/public-records. Pursuant to Section 7.0(C) of the Policy, a court may adopt a rule or order that permits, in lieu of a Confidential Information Form, the filing of a document in two versions, that is, a "Redacted Version" and an "Unredacted Version." For certification of the Reproduced Record and Supplemental Reproduced Record in compliance with the Public Access Policy, *see* Pa.R.A.P. 2152, 2156, 2171, and accompanying notes.

Paragraph (b)—Once a document is sealed, it shall remain sealed on appeal unless the appellate court orders, either *sua sponte* or on application, that the case record or document be opened.

**Rule 552. Application to Trial Court for Leave to Appeal *In Forma Pauperis*.**

   (a) * * *

   (b) * * *

   (c) * * *

   (d) * * *

   (e) * * *

   (f) *Certificate of compliance with* **Case Records** *Public Access Policy of the Unified Judicial System of Pennsylvania[: **Case Records of the Appellate and Trial Courts**].*— An application filed under this Rule shall contain the certificate of compliance required by Pa.R.A.P. 127.

  **Official Note:** * * *

**Rule 910. Jurisdictional Statement. Content. Form.**

   (a) * * *

   (b) * * *

(c)  *Certificate of compliance.*

(1)  *Word count.*—A jurisdictional statement that does not exceed five pages when produced on a word processor or typewriter shall be deemed to meet the requirements of paragraph (b) of this rule. In all other cases, the attorney or the unrepresented filing party shall include a certification that the statement complies with the word count limits. The certificate may be based on the word count of the word processing system used to prepare the statement.

(2)  ***Case Records*** *Public Access Policy of the Unified Judicial System of Pennsylvania***[***: Case Records of the Appellate and Trial Courts***]**.—A jurisdictional statement shall contain the certificate of compliance required by Pa.R.A.P. 127.

(d)  * * *


**Rule 911. Answer to Jurisdictional Statement. Content. Form.**

(a)  * * *

(b)  *Certificate of compliance.*

(1)  *Word count.*—An answer to a jurisdictional statement that does not exceed five pages when produced on a word processor or typewriter shall be deemed to meet the requirements of paragraph (a) of this rule. In all other cases, the attorney or the unrepresented filing party shall include a certification that the answer complies with the word count limits. The certificate may be based on the word count of the word processing system used to prepare the answer.

(2)  ***Case Records*** *Public Access Policy of the Unified Judicial System of Pennsylvania***[***: Case Records of the Appellate and Trial Courts***]**.—An answer to a jurisdictional statement shall contain the certificate of compliance required by Pa.R.A.P. 127.

**Official Note:**  * * *


**Rule 1116. Answer to the Petition for Allowance of Appeal.**

(a)  * * *

(b)  * * *

(c) * * *

(d) * * *

(e) *Certificate of compliance with **Case Records** Public Access Policy of the Unified Judicial System of Pennsylvania[**: Case Records of the Appellate and Trial Courts**].*— An answer to a petition for allowance of appeal shall contain the certificate of compliance required by Pa.R.A.P. 127.

**Official Note:** * * *

**Rule 2152. Content and Effect of Reproduced Record.**

(a) * * *

(b) * * *

(c) * * *

(d) "Confidential Information" and "Confidential Documents", as those terms are defined in the ***Case Records*** *Public Access Policy of the Unified Judicial System of Pennsylvania[**: Case Records of the Appellate and Trial Courts**]*, shall appear in the reproduced record in the same manner and format as they do in the original record.

**Official Note:** The general rule has long been that evidence which has no relation to or connection with the questions involved must not be reproduced. *See* former Supreme Court Rule 44, former Superior Court Rule 36 and former Commonwealth Court Rule 88. *See also, e.g.*, *Shapiro v. Malarkey*, 122 A. 341, 342 (Pa. 1923); *Sims v. Pennsylvania R.R. Co.*, 123 A. 676, 679 (Pa. 1924).

*See* Pa.R.A.P. 2189 for procedure in cases involving the death penalty.

The ***Case Records*** *Public Access Policy of the Unified Judicial System of Pennsylvania[**: Case Records of the Appellate and Trial Courts**]* ("Public Access Policy") does not apply retroactively to pleadings, documents, or other legal papers filed prior to the effective date of the Public Access Policy. Reproduced records may therefore contain pleadings, documents, or legal papers that do not comply with the Public Access Policy if they were originally filed prior to the effective date of the Public Access Policy.

**Rule 2156. Supplemental Reproduced Record.**

When, because of exceptional circumstances, the parties are not able to cooperate on the preparation of the reproduced record as a single document, the appellee may, in lieu of proceeding as otherwise provided in this chapter, prepare, serve, and file a supplemental reproduced record setting forth the portions of the record designated by the appellee. A supplemental reproduced record shall contain the certificate of compliance required by Pa.R.A.P. 127. "Confidential Information" and "Confidential Documents", as those terms are defined in the ***Case Records*** *Public Access Policy of the Unified Judicial System of Pennsylvania***[***: Case Records of the Appellate and Trial Courts***]**, shall appear in the reproduced record in the same manner and format as they do in the original record.

**Official Note:** Former Supreme Court Rules 36, 38 and 57, former Superior Court Rules 28, 30, and 47 and former Commonwealth Court Rules 32A, 82, and 84 all inferentially recognized that a supplemental record might be prepared by the appellee, but the former rules were silent on the occasion for such a filing. The preparation of a single reproduced record has obvious advantages, especially where one party designates one portion of the testimony, and the other party designates immediately following testimony on the same subject. However, because of emergent circumstances or otherwise, agreement on the mechanics of a joint printing effort may collapse, without affording sufficient time for the filing and determination of an application for enforcement of the usual procedures. In that case an appellee may directly present the relevant portions of the record to the appellate court.

As the division of the reproduced record into two separate documents will ordinarily render the record less intelligible to the court and the parties, the preparation of a supplemental reproduced record is not favored and the appellate court may suppress a supplemental record which has been separately reproduced without good cause.

The ***Case Records*** *Public Access Policy of the Unified Judicial System of Pennsylvania***[***: Case Records of the Appellate and Trial Courts***]** ("Public Access Policy") does not apply retroactively to pleadings, documents, or other legal papers filed prior to the effective date of the Public Access Policy. Supplemental reproduced records may therefore contain pleadings, documents, or legal papers that do not comply with the Public Access Policy if they were originally filed prior to the effective date of the Public Access Policy.

**Rule 2171. Method of Reproduction. Separate Brief and Record.**

(a) * * *

(b) *Separate brief and record.*—In all cases the reproduced record may be bound separately, and must be if it and the brief together contain more than 100 pages or if the reproduced record contains "Confidential Information" or "Confidential Documents", as those terms are defined in the ***Case Records*** *Public Access Policy of the Unified Judicial System of Pennsylvania***[***: Case Records of the Appellate and Trial Courts***]** ("Public Access Policy"), in any pleadings, documents, or legal papers originally filed after the effective date of the Public Access Policy.

**Official Note**:   * * *

**Rule 2544. Contents of Application for Reargument.**

(a) * * *

(b) * * *

(c) * * *

(d) *Certificate of compliance.*

(1) *Word count.*—An application for reargument that does not exceed 8 pages when produced on a word processor or typewriter shall be deemed to meet the limitation in paragraph (c) of this rule. In all other cases, the attorney or unrepresented filing party shall include a certification that the application for reargument complies with the word count limits. The certificate may be based on the word count of the word processing system used to prepare the application for reargument.

(2) ***Case Records*** *Public Access Policy of the Unified Judicial System of Pennsylvania***[***: Case Records of the Appellate and Trial Courts***]**.—An application for reargument shall contain the certificate of compliance required by Pa.R.A.P. 127.

(e) * * *

(f) * * *