# SEABOARD AIR LINE RAILWAY *v.* PADGETT, ADMINISTRATRIX OF PADGETT.

ERROR TO THE SUPREME COURT OF THE STATE OF SOUTH CAROLINA.

No. 710.   Argued February 24, 1915.—Decided March 22, 1915.

Where plaintiff in error seeks to review under § 237, Judicial Code, the
judgment of the state court in a case arising under the Employers'
Liability Act, this court may not consider non-Federal questions

which do not in their essence involve the existence of right to recover under the Federal statute.

Existence of power to review the judgment of the state court under § 237, Judicial Code, rests not merely upon form but upon substance and cannot arise from the mere assertion of a formal right which is so wanting in foundation and unsubstantial as to be devoid of merit and therefore frivolous.

While in this case the assignment of error on its face is not frivolous and gives jurisdiction to review, the proposition that the jury was misled by the instructions of the court in regard to the doctrine of assumption of risk is unfounded.

If the proof is sufficient to justify the submission of the case to the jury on the question of assumption of risk, there is no reversible error in so doing and in not instructing a verdict for defendant, and, as in this case, two courts below have concurred in finding that there was sufficient proof this court finds there was no error.

83 S. E. Rep. 633, affirmed.

THE facts, which involve the jurisdiction of this court of writs of error to review a judgment of the state court under § 237, Judicial Code, are stated in the opinion.

*Mr. J. B. S. Lyles* for plaintiff in error:

The right, privilege or immunity claimed by defendant below under the Federal Employers' Liability Act was specially set up or claimed by defendant within § 237 of the Code.

This court will review the findings of fact in the lower courts under the circumstances of this case.

The legal conclusions of the state court upon facts found were erroneous.

There is evidence that the intestate came to his death while employed in interstate commerce within the act.

There is evidence of negligence proximately resulting in the death of plaintiff's intestate.

In support of these contentions see *Baker* v. *Telegraph Co.*, 84 S. Car. 477; *Benson* v. *Lancashire Ry.*, 1 King's Bench, 242; *Buist Co.* v. *Lancaster Co.*, 68 S. Car. 526; *Crosby* v. *Railway*, 83 S. Car. 575; *S. C.*, 81 S. Car. 31;

*Dent* v. *Bryce,* 16 S. Car. 1; *Ellsworth* v. *Metheny,* 104 Fed. Rep. 119; *Grand Trunk Ry.* v. *Lindsay,* 233 U. S. 838; *Guess* v. *A. C. L. R. R.,* 88 S. Car. 87; *Illinois Cent. R. R.* v. *Behrens,* 233 U. S. 473; *Jones* v. *C. & W. C. Ry.,* 98 S. Car. 197; *McCord* v. *Blackwell,* 31 S. Car. 138; *Michigan Cent. Ry.* v. *Vreeland,* 227 U. S. 59; *Miedreich* v. *Lauenstein,* 232 U. S. 236; *Mondou* v. *Railway,* 223 U. S. 1; *Murphy* v. *Railroad,* 89 S. Car. 15; *Nor Car. Ry.* v. *Zachary,* 232 U. S. 248; *Patton* v. *Tex. & Pac. R. R.,* 179 U. S. 658; *Pedersen* v. *Railroad,* 229 U. S. 150; *Russell* v. *Shore Line R. R.,* 155 Fed. Rep. 22; *Re Scheffer,* 105 U. S. 449; *Seaboard Air Line* v. *Duvall,* 225 U. S. 477; *Seaboard Air Line Ry.* v. *Horton,* 233 U. S. 492; *St. Louis S. W. Ry.* v. *Harvey,* 144 Fed. Rep. 806; *St. L., I. Mtn. & S. Ry.* v. *Hesterly,* 228 U. S. 702; *St. L., I. Mtn. & S. Ry.* v. *McWhirter,* 229 U. S. 265; *Stone* v. *Atl. Coast Line,* 96 S. Car. 228; *Thompson* v. *Lee,* 19 S. Car. 489; *Towles* v. *Railway,* 83 S. Car. 504; *Wyatt* v. *Cely,* 86 S. Car. 539, 544.

*Mr. W. Boyd Evans,* with whom *Mr. James H. Fanning, Mr. W. H. Sharpe* and *Mr. A. D. Martin* were on the brief, for defendant in error.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

Is there jurisdiction to review the action of the court below in affirming the judgment of the trial court which was entered on the verdict of a jury, and if so, was error below committed, are the questions for decision (83 S. E. Rep. 633).

The suit was brought to recover damages alleged to have been suffered by the death of Lewis H. Padgett, a railroad engineer in the service of the defendant company, the plaintiff in error, caused by his having fallen during the

early morning hours into a drop pit in a locomotive round-house belonging to the company. The negligence charged was not only the failure to cover the pit but also to prop-erly light the roundhouse. If our jurisdiction attaches, it can only be because the right to recover was based upon the Act of Congress commonly known as the Employers' Liability Act, it having been averred that the deceased was an employé of the company, actually engaged in interstate commerce. But as pointed out in *St. Louis & Iron Mountain Ry.* v. *McWhirter*, 229 U. S. 265, 275, although the cause of action relied upon was based upon the Federal statute, nevertheless, "as it comes here from a state court, our power to review is controlled by Rev. Stat., § 709 [§ 237, Judicial Code] and we may therefore not consider merely incidental questions not Federal in character, that is, which do not in their essence involve the existence of the right in the plaintiff to recover under the Federal statute to which his recourse by the pleadings was exclusively confined, or the converse, that is to say, the right of the defendant to be shielded from responsibility under that statute because when properly applied no liability on his part from the statute would result. *Seaboard Air Line Ry.* v. *Duvall*, 225 U. S. 477; *St. Louis, I. M. & S. Ry.* v. *Taylor*, 210 U. S. 281." The existence of jurisdiction to review under the principles just stated depends not merely upon form but upon substance; that is, in this class of cases as in others the general rule controls that power to review cannot arise from the mere assertion of a formal right when such asserted right is so wanting in foundation and unsubstantial as to be devoid of all merit and frivolous. There is no doubt that the assignments of error on their face embrace Federal questions which give jurisdiction to review. We therefore exercise jurisdiction and come to consider the questions on their merits, incidentally point-ing out in doing so the reasons why the questions are not of such a frivolous character as not to afford a basis for the

authority to examine and dispose of them. The trial court gave to the jury every instruction concerning the meaning and application of the Act of Congress asked by the company and therefore there is no ground whatever for saying that the view of the statute relied upon by the company was not given to the jury. But despite this fact two of the nine assignments of error insist that the jury was misled concerning the doctrine of assumption of the risk applicable under the statute because of two statements as to the law on the subject made by the court to the jury over the exception of the defendant which are asserted to have been confusing because possibly conflicting with each other. But while the proposition has sufficient strength to exclude the conception that the contention is frivolous, we are nevertheless of opinion that the court below was right in holding that even upon the concession for argument's sake that the two charges referred to if they had stood alone might have tended to give to the jury a mistaken conception of the law of assumption of the risk, nevertheless there was no reason for saying that they could have produced such a result in view of the express instruction concerning the doctrine of assumption of the risk as applied to the case in hand which was given by the court to the jury in the very words asked by the company, and which was so explicit as to dispel the possibility of misconception. Whether the instructions could have produced misconception in the minds of the jury is not to be ascertained by merely considering isolated statements but by taking into view all the instructions given and the tendencies of the proof in the case to which they could possibly be applied. And as from both of these points of view we are of opinion that there is no room whatever for the conclusion that any confusion or misconception as to the doctrine of assumption of the risk could have arisen from the particular statements which are relied upon, the proposition based upon them is without merit.

While this disposes of the two assignments which are directly and specifically concerned with the interpretation of the statute, nevertheless the remaining seven also raise questions of law under the statute, since they all in one form or another rest upon the contention that error was committed by the trial court in not taking the case from the jury and instructing a verdict for the defendant upon the assumption that there was no evidence sufficient to justify the submission of the case to the jury for its consideration. *Cresswill* v. *Knights of Pythias*, 225 U. S. 246, 261; *Southern Pacific Co.* v. *Schuyler*, 227 U. S. 601, 611; *St. Louis & Iron Mountain Ry.* v. *McWhirter*, 229 U. S. 276, 277; *Miedrich* v. *Lauenstein*, 232 U. S. 236, 243, 244; *Carlson* v. *Curtiss*, 234 U. S. 103, 106. Considering the case from this point of view we think the contention cannot be said to be frivolous since its solution is by no means free from difficulty, a situation which was manifested by the division of opinion which arose on the subject in the court below and by the further fact that some members of this court now consider the proposition as affording adequate ground for reversal. But although the question is not free from complexity, a majority of the court is of opinion that the proof was sufficient to justify the submission of the case to the jury and therefore the proposition affords no basis for holding that reversible error was committed because that course was pursued. As the considerations by which this conclusion is sustained depend solely upon an analysis of the evidence, and as a statement upon the subject therefore would amount only to giving a summary of the proof in this case and its tendencies involving no matter of doctrinal importance, for this reason and additionally in view of the fact that both the courts below have concurred in holding that there was no sufficient ground to take the case from the jury, we think it is unnecessary to state the proof and its tendencies and we therefore content ourselves with saying

that the contention that error was committed in not taking the case from the jury is found, after an examination of the record, to be without merit.

In the argument a contention was urged based upon some expression made use of by the trial court in refusing the request to take the case from the jury. Although we have considered the proposition and find it totally devoid of merit, we do not stop to further state the contention or the reasons which control us concerning it as we think it is manifestly an afterthought, as it was virtually not raised in the trial court and was not included in the assignments of error made for the purpose of review by the court below nor in those made in this court on the suing out of the writ of error.

*Affirmed.*