# MINNEAPOLIS, ST. PAUL & SAULT STE.. MARIE RAILWAY COMPANY *v.* POPPLAR, ADMINIS-TRATOR.

## ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

No. 223.   Submitted April 14, 1915.—Decided April 26, 1915.

In this case the court finds no ground for reversal in the ruling of the trial court that there was enough to go to the jury upon the question whether in fact the appliance complained of was defective.

Where the power of this court to review the judgment is controlled by § 237, Judicial Code, questions non-Federal in character may not be considered, nor can this court pass on whether a rule of the carrier was or was not disobeyed in a case dependent upon the Safety Appliance Act.

The defense of contributory negligence is not dealt with by the Safety Appliance Act.

121 Minnesota, 1413, affirmed.

THE facts, which involve the validity of a judgment of the state court for damages for personal injuries, are stated in the opinion.

*Mr. M. D. Munn,* with whom *Mr. A. H. Bright* and. *Mr. J. L. Erdall* were on the brief, for plaintiff in error.

*Mr. Samuel A. Anderson* for defendant in error.

Memorandum opinion by direction of the court, by MR. JUSTICE HUGHES.

This action was brought in the state court by an administrator to recover damages for an injury causing the death of the intestate.   The injury was received, September 6, 1909, by the decedent, a brakeman, while he was un-

coupling a car which was being 'kicked' to a siding, and recovery was sought because of noncompliance with the Federal Safety Appliance Act, c. 196, 27 Stat. 531; c. 976, 32 Stat. 943. Upon the trial a motion was made for a direction of a verdict upon the grounds that the evidence failed to show neglect on the part of the Railroad Company and did establish contributory negligence. Apart from the exception to the denial of this motion, there were no exceptions to the instructions given to the jury. There was a finding for the plaintiff and the Railroad Company moved for judgment notwithstanding the verdict, or for a new trial; the motions were denied. The Supreme Court of the State affirmed the judgment. 121 Minnesota, 413.

There was testimony that the decedent, on giving the stop signal, attempted to uncouple the 'head car' that was to be left to run of its own momentum on the siding; he tried repeatedly to do this by pulling the coupling pin with the lifter at the end of the next car, but without success, and then, stepping between the two cars, while they were moving at the rate of about four miles an hour, in order to effect the uncoupling by hand, he was run over and killed. The conductor, a witness for the Company, who examined the coupling apparatus soon after the accident, testified that it worked with difficulty and that he would have reported it as a 'bad coupler' had it been brought to his attention. Without going into the evidence in detail, it is sufficient to say that we find no ground for reversal in the ruling that there was enough to go to the jury upon the question whether, in fact, the coupler was defective. See *Seaboard Air Line Railway* v. *Padgett*, 236 U. S. 668.

It is urged that the right of recovery was barred by reason of the fact that the decedent disobeyed a rule of the Company which forbade him from going between moving cars. The state court held that the jury might find

that a practical necessity existed for the disobedience of this rule and that the course which the decedent followed in the emergency was that of a reasonably prudent man. Our power to review the judgment is controlled by § 237 of the Judicial Code (Rev. Stat., 709) and we may not consider questions which are not Federal in character. *St. Louis & Iron Mountain Rwy. Co.* v. *Taylor*, 210 U. S. 281, 291; *Seaboard Air Line Railway* v. *Duvall*, 225 U. S. 477, 487; *Seaboard Air Line Railway* v. *Padgett*, 236 U. S. 668. In the present case a Federal question could arise only under the Safety Appliance Act; while the cars were upon a railroad which was a highway of interstate commerce and hence this Act was applicable (*Southern Railway Co.* v. *United States*, 222 U. S. 20), it is agreed that there was no evidence that the decedent at the time of the accident was engaged in interstate commerce and no question is presented under the Employers' Liability Act,—an enactment which has a wider field. It is apparent that the ruling referred to does not involve the construction of the Federal statute or any right, or immunity from liability, which is thereby conferred. The question is *dehors* the statute. True, the state court said that the rule of the Company should be construed in connection with the Safety Appliance Act, but, as the context shows, the court remarked this in pointing out that the statute was designed to prevent the necessity of going between the cars for the purpose of uncoupling them, whether they were standing or moving, and that the only way in which the decedent could uncouple the cars without going between them was to stop the train and walk around to the pin lifter on the other side. In the light of the testimony, the court concluded that it could not be said as matter of law that the decedent in the circumstances was bound to do this. The statute was concerned only in so far as it defined the duty of the Company to have couplers meeting the positive requirement; it did not preclude the defense of contributory

negligence, as distinguished from that of assumption of risk. As this court has said,—'The defense of contributory negligence was not dealt with by the statute.' *Schlemmer v. Buffalo, Rochester & Pittsburg Rwy. Co.*, 220 U. S. 590, 595. Whether the rule of the Company applied in such an emergency as that in which the decedent found himself,—whether he was guilty of contributory negligence as matter of law, or could be excused upon the ground that in an exceptional situation he acted with reasonable care, were questions which the Federal act left untouched.

The action fell within the familiar category of cases involving the duty of a master to his servant. This duty is defined by the common law, except as it may be modified by legislation. The Federal statute, in the present case, touched the duty of the master at a single point and, save as provided in the statute, the right of the plaintiff to recover was left to be determined by the law of the State. It cannot be said, from any point of view, that any right or immunity granted by the Act was denied to the plaintiff in error.

*Judgment affirmed.*