[Civ. No. 8197. First Appellate District, Division Two.—December 30, 1932.]

S. A. McCARTNEY, Respondent, v. W. A. SIEBE, Appellant.

Thomas W. Firby and Molkenbuhr & Molkenbuhr for Appellant.

Ivan N. Maroevich for Respondent.

STURTEVANT, J.—On December 17, 1928, the defendant and his wife owned certain parcels of land adjacent to San Rafael. At that time they were using the land as an amusement park. They entered into a written contract with the plaintiff under the terms of which the plaintiff

would be permitted to install certain amusement devices. It was further provided that the plaintiff should operate the said devices and out of the proceeds that he should pay to the defendant fifty per cent and retain the balance for his own use. The term of the contract was ten years. The instrument was acknowledged on the day of its date and thereafter the parties entered upon the performance of the contract. On or about the first day of April, 1929, the defendant was in need of money. He applied to the plaintiff for a loan of $400. Under the agreement of the parties no interest was to be charged and the moneys were thereafter to be deducted from the receipts of the above-mentioned amusement devices. A little later another loan in the sum of $200 was made under a similar agreement.

Claiming that the defendant breached the agreement dated December 17, 1928, the plaintiff commenced an action to recover damages for the breach. In the complaint he also set forth a count to recover the $600 hereinabove mentioned. The defendant answered both counts of the complaint, putting every material averment thereof in issue and inserting some allegations of affirmative matter. A trial was had before the trial court sitting without a jury. The trial court made findings in favor of the plaintiff on both counts and from the judgment entered thereon the defendant has appealed. As to the judgment on the first count he makes no attack. As to the judgment on the second count he claims that the trial court committed error in failing to make findings in response to certain affirmative matter which the defendant had inserted in his answer. He also claims that the finding that the moneys were due and owing was not sustained by the evidence. Both attacks are but different methods of presenting the same point. As stated above, the plaintiff pleaded a common count for money loaned. The defendant pleaded specific denials, denying every material allegation. Then he pleaded that the moneys were to be repaid out of the receipts of the amusement devices and that he had paid and was continuing to pay in that method. Of course, this was an attempt to plead a formal contract of and regarding the loan. However, it should be noted at this point that there was no attempt to plead a consideration for the alleged contract. The pleader alleged it was an executed oral agreement. On that allegation there is no con-

flict in the testimony. Both parties testified the moneys were to be repaid out of the proceeds received from the amusement devices. Neither one testified the entire moneys had been repaid, but, on the other hand, that $208.25 only had been repaid. Such being the fact, it is perfectly clear that the oral agreement was not executed except to the extent of $208.25. There was no testimony whatever that when the defendant borrowed the moneys from the plaintiff any consideration passed from the defendant supporting a promise on the part of the plaintiff to forbear. It follows that if a finding had been made on the affirmative allegations of the answer such finding must have been against the defendant. Under such circumstances the failure to make a finding on such an issue is not reversible error.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.