## TIPTON v. ATCHISON, T. & S. F. RY. CO.*
### No. 7571.

Circuit Court of Appeals, Ninth Circuit.
June 24, 1935.

*Rehearing denied Oct. 21, 1935.

Clifton Hildebrand, of Oakland, Cal., for appellant.

Robert Brennan and Leo E. Sievert, both of Los Angeles, Cal., for appellee.

Before WILBUR and GARRECHT, Circuit Judges, and CAVANAH, District Judge.

GARRECHT, Circuit Judge.

Appellant filed in the superior court of the state of California for the county of Fresno a complaint alleging that defendant corporation was authorized to do business in the state of California, and was doing business as a common carrier by railroad of interstate commerce and that its tracks were maintained as a highway of interstate commerce; that he was employed by defendant as a switchman; that while assisting in "spotting" a car at a storehouse of defendant in the town of Riverbank in said state, he was injured because a defective cut-lever used in detaching the car failed to operate when manipulated by a fellow employee; that by reason of such defective uncoupling appliance appellant was crushed between the car and the storehouse platform, being severely injured. Claiming to have been totally incapacitated, he prayed damages in the sum of $40,000.

Appellee, a Kansas corporation, had the cause removed to the federal District Court. That court granted appellee's demurrer, interposed upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and dismissed the cause without leave to amend. Plaintiff appeals.

Plaintiff bases his case upon the contention that defendant's railroad was engaged in interstate commerce and that its tracks were, therefore, a "highway of interstate commerce," thereby bringing his action within the Safety Appliance Acts (45 USCA § 1 et seq.).

Defendant contends that the complaint fails by proper averment to allege that at the time of his injury plaintiff was engaged in interstate commerce and, therefore, the laws of the state of California did not give him a right of action, but that he was required to proceed before the State Industrial Accident Commission. Plaintiff insists that he is not so limited in his remedy, but because the federal government has legislated in the field, the state is effectively barred therefrom (by the Safety Appliance Acts), and, therefore, the Workmen's Compensation Act (St. Cal. 1917, p. 831, as amended) has no application.

Plaintiff does not predicate his action upon the Federal Employers' Liability Act, 45 USCA §§ 51–59; it is well settled that such acts do not afford a remedy unless the employee was engaged in interstate commerce at the time the injury was suffered. Illinois Central R. Co. v. Behrens, 233 U. S. 473, 34 S. Ct. 646, 58 L. Ed. 1051, Ann. Cas. 1914C, 163.

Appellant cites a line of cases,[1] presumably following Texas & Pacific Ry. Co. v. Rigsby, 241 U. S. 33, 36 S. Ct. 482, 60 L. Ed. 874, which hold that where a cause of action arising in intrastate commerce falls within the federal Safety Appliance Acts, it is not subject to state compulsory workmen's compensation, but

---

[1] McMahon v. Montour R. Co., 270 U. S. 628, 46 S. Ct. 207, 70 L. Ed. 769, reversing McMahan v. Montour R. Co., 283 Pa. 274, 128 A. 918; Ross v. Schooley, 257 F. 290, 291 (C. C. A. 7), certiorari denied 249 U. S. 615, 39 S. Ct. 390, 63 L. Ed. 803; Ward v. Erie R. Co., 230 N. Y. 230, 129 N. E. 886, certiorari denied 256 U. S. 696, 41 S. Ct. 536, 65 L. Ed. 1176; Ballard v. Sacramento Northern R. Co., 126 Cal. App. 486, 14 P.(2d) 1045, 15 P. (2d) 793; Miller v. Reading Co., 292 Pa. 44, 140 A. 618; Kenna v. Calumet, H. & S. E. R. Co., 284 Ill. 301, 120 N. E. 259, 262, 263; Flanigan v. Hines, 108 Kan. 133, 193 P. 1077, 1080, 1081; Kraemer v. Chicago & N. W. R. Co., 148 Minn. 310, 181 N. W. 847.

that an injury arising out of violation of the Safety Appliance Acts gives rise to an action for compensatory damages.

■ The Safety Appliance Acts were designed "to promote the safety of employees and travelers" (27 Stat. 531) and Ross v. Schooley, cited in the margin, proceeded upon the assumption or under the rule that the persons for whose benefit or protection a statute is enacted are entitled to compensation for violation of it, if they are injured by or through such violation. That case went on to say that "it is immaterial whether the injured employee was at the moment engaged in interstate or intrastate commerce, * * *" and concluded that the "operativeness" of the act was not dependent upon the legislative wills of the several states. The Ballard Case, cited in the margin, supra, decided by the state District Court of Appeals, adhered to this doctrine and held that the Workmen's Compensation Act of the state of California did not apply.

Appellant places great reliance upon Texas & Pacific Ry. Co. v. Rigsby, 241 U. S. 33, 36 S. Ct. 482, 60 L. Ed. 874. In the opinion, 241 U. S. 33, page 41, 36 S. Ct. 482, 485, 60 L. Ed. 874, there appear the words:

"* * * In the exercise of its plenary power to regulate commerce between the states, Congress has deemed it proper, for the protection of employees and travelers, to require certain safety appliances to be installed upon railroad cars used upon a highway of interstate commerce, irrespective of the use made of any particular car at any particular time. Congress having entered this field of regulation, it follows from the paramount character of its authority that state regulation of the subject-matter is excluded. * * * Without the express leave of Congress, it is not possible, while the Federal legislation stands, for the states to make or enforce inconsistent laws giving redress for injuries to workmen or travelers occasioned by the absence or insecurity of such safety devices, any more than laws prescribing the character of the appliances that shall be maintained, or imposing penalties for failure to maintain them; for the consequences that shall follow a breach of the law are vital and integral to its effect as a regulation of conduct, liability to private suit is or may be as potent a deterrent as liability to public prosecution, and in this respect there is no distinction dependent upon whether the suitor was injured while employed or traveling in one kind of commerce rather than the other. Hence, while it may be conceded, for the purposes of the argument, that the mere question of compensation to persons injured in intrastate commerce is of no concern to Congress, it must be held that the liability of interstate carriers to pay such compensation because of their disregard of regulations established primarily for safeguarding commerce between the states is a matter within the control of Congress; for unless persons injured in intrastate commerce are to be excluded from the benefit of a remedial action that is provided for persons similarly injured in interstate commerce,—a discrimination certainly not required by anything in the Constitution,— remedial actions in behalf of intrastate employees and travelers must either be governed by the acts of Congress or else be left subject to regulation by the several states, with probable differences in the law material to its effect as regulatory of the conduct of the carrier. We are therefore brought to the conclusion that the right of private action by an employee injured while engaged in duties unconnected with interstate commerce, but injured through a defect in a safety appliance required by the act of Congress to be made secure, has so intimate a relation to the operation of the act as a regulation of commerce between the states that it is within the constitutional grant of authority over that subject."

But the latest pronouncement of the Supreme Court of the United States— Gilvary v. Cuyahoga Valley Ry. Co., 292 U. S. 57, 54 S. Ct. 573, 574, 78 L. Ed. 1123—does not support this contention. In that case plaintiff, while engaged in intrastate commerce, was injured, so he alleged, by failure of defendant to comply with the Safety Appliance Acts. Judgment of the Ohio Court of Appeals for respondent was affirmed by the Supreme Court of Ohio, 127 Ohio St. 402, 188 N. E. 4, by a divided court. Certiorari was sought in the Supreme Court of the United States and granted. In accordance with the Ohio (where the action arose) Workmen's Compensation Act, petitioner and respondent had theretofore notified the industrial accident commission that they elected, in case of any injury sustained by petitioner while engaged in intrastate commerce,

to have their respective rights and liabilities governed by the provisions of that act.

The Supreme Court stated the question in this fashion:

"As the petitioner when injured was not engaged in interstate commerce, the Federal Employers' Liability Act (45 USCA §§ 51–59) does not apply, and the question is whether the agreement of the parties, in pursuance of the Ohio statute, is repugnant to the Federal Safety Appliance Acts."

In 292 U. S. 57, at page 61, 54 S. Ct. 573, 575, 78 L. Ed. 1123, it is said:

"Petitioner cites language in Texas & Pacific Ry. Co. v. Rigsby, 241 U. S. 33, 41, 36 S. Ct. 482, 60 L. Ed. 874. But that case is not in point on the question under consideration in this case. There we were called upon to decide whether a railroad employee engaged in intrastate commerce upon the line of an interstate carrier was within the protection of the Safety Appliance Acts. We held that he was. The opinion supports our recent construction of these acts that, while they prescribe the duty, the right to recover damages sustained by the injured employee through the breach 'sprang from the principle of the common law' and was left to be enforced accordingly, or in case of death 'according to the applicable statute.' * * * These acts do not create, prescribe the measure, or govern the enforcement of, the liability arising from the breach. They do not extend to the field occupied by the State Compensation Act. There is nothing in the agreement repugnant to them."

The Supreme Court, in Moore v. Chesapeake & Ohio Ry. Co., 291 U. S. 205, 215, 54 S. Ct. 402, 406, 78 L. Ed. 755, discusses the acts as follows:

" * * * The Federal Safety Appliance Acts, while prescribing absolute duties, and thus creating correlative rights in favor of injured employees, did not attempt to lay down rules governing actions for enforcing these rights. The original act of 1893 made no provision for suits, except for penalties. That act did impliedly recognize the employee's right of action by providing in section 8 [45 USCA § 7] that he should not be deemed to have assumed the risk of injury occasioned by the breach of duty. But the act made no provision as to the place of suit or the time within which it should be brought, or as to the right to recover, or as to those who should be the beneficiaries of recovery, in case of the death of the employee. While dealing with assumption of risk, the statute did not affect the defense of contributory negligence, and hence that defense was still available according to the applicable state law. * * * In these respects the amended act of 1903 made no change, notwithstanding the enlargement of the scope of the statutory requirements. The act of 1910, by a proviso in section 4 relating to penalties (36 Stat. 299 [45 USCA § 13]), provided that nothing in that section should 'be construed to relieve such carrier from liability in any remedial action for the death or injury of any railroad employee' caused by the use of the prohibited equipment.

"The Safety Appliance Acts having prescribed the duty in this fashion, the right to recover damages sustained by the injured employee through the breach of duty sprang from the principle of the common law (Texas & Pacific Ry. Co. v. Rigsby, supra, 241 U. S. [33], at pages 39, 40, 36 S. Ct. 482 [60 L. Ed. 874]) and was left to be enforced accordingly, or, in case of the death of the injured employee, according to the applicable statute. * * * With respect to injuries sustained in intrastate commerce, nothing in the Safety Appliance Acts precluded the state from incorporating in its legislation applicable to local transportation the paramount duty which the Safety Appliance Acts imposed as to the equipment of cars used on interstate railroads. As this Court said in Minneapolis, St. P. & S. S. M. Ry. Co. v. Popplar, supra [237 U. S. 369, 35 S. Ct. 609, 59 L. Ed. 1000], as to an action for injuries sustained in intrastate commerce: 'The action fell within the familiar category of cases involving the duty of a master to his servant. This duty is defined by the common law, except as it may be modified by legislation. The Federal statute, in the present case, touched the duty of the master at a single point, and, save as provided in the statute, the right of the plaintiff to recover was left to be determined by the law of the state.' "

We note that the Ohio Workmen's Compensation Act in the Gilvary Case, supra, was voluntary in the instance just referred to, while the California act is com-

454

pulsory. On this basis appellant asserts that the Gilvary Case is not applicable because, under an elective system, the parties put their rights in contract.

█ As the Supreme Court said in the Gilvary Case, supra, the question is one of repugnancy to the Safety Appliance Acts. If the agreement in that case was not repugnant to the acts, how can it be said that a compulsory statute, which accomplishes the same purpose, is inconsistent therewith? If the state law can provide that the parties may agree to apply the Workmen's Compensation Law, then, in view of the results to be accomplished, the state law may imply or compel the agreement.

We think particularly significant the language of the Supreme Court in Minneapolis, St. P. & S. S. M. Ry. Co. v. Popplar, 237 U. S. 369, 372, 35 S. Ct. 609, 610, 59 L. Ed. 1000 (quoted in the Moore Case, supra):

"The action fell within the familiar category of cases involving the duty of a master to his servant. This duty is defined by the common law, except as it may be modified by legislation. The Federal statute, in the present case, touched the duty of the master at a single point, and, save as provided in the statute, the right of the plaintiff to recover was left to be determined by the law of the state. * * *"

We conclude that irrespective of the compulsory features of the state law, under the decisions above noted, the enforcement is to be had under the applicable state statute. And the applicable state statute in this instance is the Workmen's Compensation Act.

The Safety Appliance Acts merely eliminate the defense of assumption of risk; they do not bar the defense of contributory negligence (as pointed out in the Moore Case, supra). The Workmen's Compensation Act affords the remedy.

"The obvious intent of the [Workmen's Compensation] act was to substitute its procedure for the former method of settling disputes arising between those occupying the strict relationship of master and servant, or employer and employee, by means of actions for damages, with their pleas of negligent acts or omissions in the way of providing suitable places to work, or proper appliances and the like, and with their defenses of assumed risks, or of the negligence of fellow servants, or of contributory negligence, and with the uncertainties or inequities incident to jury trials; all elements of damage, defense, or consequence. * * *" Cooper v. Industrial Accident Commission, 177 Cal. 685, 687, 171 P. 684, 685.

The Safety Appliance Acts do not furnish a remedy, nor the machinery therefor, but merely imply a remedy and limit the available defenses, where the injury is caused through violation of such acts. The injury not arising out of interstate commerce, the remedy is to be found in the state statutes—in this case, the Workmen's Compensation Act.

In view of the fact that counsel for appellee concedes the cause to have been properly removed from the state court, and after inspection of the certified copies of the removal papers, heretofore filed, and no objection being made, the motion of appellant for diminution of the record is granted.

Judgment affirmed.