ANDERSEN v. BINGHAM & G. RY. CO.

BINGHAM & G. RY. CO. v. ANDERSEN.

Nos. 3622, 3623.

Circuit Court of Appeals
Tenth Circuit.

Aug. 10, 1948.

B. E. Roberts, of Salt Lake City, Utah (Parnell Black, Calvin W. Rawlings, H. E. Wallace, and Wayne L. Black, all of Salt Lake City, Utah, on the brief), for Lloyd C. Andersen.

Calvin A. Behle, of Salt Lake City, Utah (C. C. Parsons, Wm. M. McCrea, and A. D. Moffat, all of Salt Lake City, Utah, on the brief), for Bingham & G. Ry. Co.

Before PHILLIPS, BRATTON and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Lloyd C. Andersen, a citizen of Utah, instituted in the state court of Utah an action against Bingham and Garfield Railway Company, a corporation organized under the laws of Utah, to recover damages for personal injuries sustained in Utah as the result of a collision between an automobile driven by plaintiff and a train operated by defendant. The complaint alleged that the defendant was engaged in the business of a common carrier in interstate commerce, and that the injuries to plaintiff arose in the course of such business. The complaint further alleged ten separate grounds of negligence proximately causing the accident and resulting injuries. One ground was that in violation of section 1 of the Safety Appliance Act, as amended, 45 U.S.C.A. § 1, the defendant operated in interstate commerce the train in question consisting of an engine and fifteen cars equipped with brakes that would not and could not retard or control the speed of the train when operated by the engineer in the usual and ordinary manner, and that because of the inefficiency and inadequacy of the brakes the engineer was unable to retard or decrease the speed of the train or bring it to a stop when to do so would have averted the accident with its resulting injuries. The defendant caused the case to be removed to the United States Court for Utah on the ground that it was a suit of a civil nature arising under and by virtue of the Safety Appliance Act, and that more than three thousand dollars exclusive of interest and costs was involved. Plaintiff filed a motion to remand the case to the state court on the ground that it was not one arising under the Constitution or laws of the United States, and that it was not removable. The court denied the motion to remand. The cause was tried to a jury. A verdict was returned for plaintiff. Judgment was entered on the verdict. Both parties appealed, plaintiff complaining that the court erred in denying his motion to remand, and defendant urging that the court should have directed a verdict in its favor on the ground that there was no evidence of negligence on its part.

Section 28 of the Judicial Code, 28 U.S.C.A. § 71, authorizes the removal to the United States Court for the proper district any suit of a civil nature at law or in equity arising under the Constitution or laws of the United States and having in controversy more than three thousand dollars, exclusive of interest and costs. But not every question of federal law lurking in the background or emerging necessarily places the suit in the class of one arising under the laws of the United States, within the meaning of the statute. A suit having for its purpose the enforcement of a right which finds its origin in the laws of

the United States is not necessarily and for that reason alone one arising under such laws. In order for a suit to be one arising under the laws of the United States within the meaning of the removal statute, it must really and substantially involve a dispute or controversy in respect of the validity, construction, or effect of such laws, upon the determination of which the result depends. A right or immunity created by the laws of the United States must be an essential element of the plaintiff's cause of action, and the right or immunity must be such that it will be supported if one construction or effect is given to the laws of the United States and will be defeated if another construction or effect is given. And a genuine and present controversy of that kind must be disclosed upon the face of the complaint, unaided by the petition for removal or the answer. Shulthis v. McDougal, 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205; Gully v. First National Bank in Meridian, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; Regents of New Mexico College of Agriculture & Mechanic Arts v. Albuquerque Broadcasting Co., 10 Cir., 158 F.2d 900.

■ The primary Congressional purpose in the enactment of the Safety Appliance Act was to protect employees and passengers, but the act imposes upon carriers duties with respect to brakes which are broad enough to bring within their purview protection of travelers at crossings. Fairport, Painesville & Eastern Railroad Co. v. Meredith, 292 U.S. 589, 54 S.Ct. 826, 78 L.Ed. 1446. While it prescribes absolute duties and creates correlative rights in favor of injured persons, it does not attempt to lay down rules governing actions for enforcing such rights. Instead, it leaves the nature, incidents, and regulation of the remedy to the law of the states. An action by a traveler on the highway for damages growing out of the failure of a carrier to comply with the provisions of the Act does not take its origin in the laws of the United States. An action of that kind has its gensis and regulation in the law of the state, either statutory or common law. Minneapolis, St. Paul & Sault Ste. Marie Railway Co. v. Popplar, 237 U.S. 369, 35 S.Ct. 609, 59 L.Ed. 1000; Moore v. Chesa-

peake & Ohio Railway Co., 291 U.S. 205, 54 S.Ct. 402, 78 L.Ed. 755; Gilvary v. Cuyahoga Valley Railway Co., 292 U.S. 57, 54 S.Ct. 573, 78 L.Ed. 1123; Fairport, Painesville & Eastern Railroad Co. v. Meredith, supra; Tipton v. Atchison, Topeka & Santa Fe Railway Co., 298 U.S. 141, 56 S.Ct. 715, 80 L.Ed. 1091, 104 A.L.R. 831. The case of St. Louis & Iron Mountain Railway Co. v. Taylor, 210 U.S. 281, 28 S.Ct. 616, 52 L.Ed. 1061, is not to the contrary. That was an action to recover damages for the death of a brakeman which occurred in the course of his employment. The right of recovery was based upon negligence for failure of the carrier to comply with the Safety Appliance Act. The accident occurred in the Indian Territory and the suit was filed in the state court in Arkansas. Plaintiff recovered, the Supreme Court of the state affirmed, and the cause was carried to the Supreme Court of the United States on writ of error. It was there contended that the questions presented were not federal questions and therefore were not open to review on writ of error to the state court. The court upheld its jurisdiction to review the questions presented, but it was stated with clarity and directness that the cause of action arose under the laws of the Indian Territory. The court did say in the course of the opinion that the liability of the carrier did not grow out of the common law duty of master to servant, and that not satisfied with the common law duty and its resulting liability, Congress prescribed and defined by the Act the duty of the carrier. But that had reference to the duty of the carrier. It did not relate in any manner to the source, nature, or incidents of the right of action for the breach of such duty.

■ The allegations in the complaint charging as an element of negligence failure on the part of the defendant to comply with the exactions of the Safety Appliance Act merely tendered the issue of fact whether the train was operated without brakes being in operative condition as required by the Act. The complaint did not present any issue or controversy in respect to the validity, construction, or effect of the Act. It did not set forth any right or immunity which would be supported if the

Act be given one construction or effect and defeated if given another. While the pertinent provisions of the Act lurked in the background as creating a duty the breach of which constituted negligence, the right of action available and the incidents of such right of action sprang from the law of Utah. It did not arise under the laws of the United States. Minneapolis, St. Paul & Sault Ste. Marie Railway Co. v. Popplar, supra; Moore v. Chesapeake & Ohio Railway Co., supra; Gilvray v. Cuyahoga Valley Railway Co., supra; Fairport, Painesville & Eastern Railroad Co. v. Meredith, supra; Tipton v. Atchison, Topeka & Santa Fe Railway Co., supra. Therefore, the cause was not removable.

The judgment is reversed, and the causes are remanded with directions to remand the case to the state court.