**JACOBSON v. NEW YORK, N. H. & H. R. CO.**

**Civ. A. No. 52-303.**

United States District Court
D. Massachusetts.

Jan. 19, 1953.

George P. Lordan, Boston, Mass., for plaintiff.

Noel W. Deering, and John A. Briggs, Boston, Mass., for defendant.

John A. Briggs, Boston, Mass., for defendant.

FORD, District Judge.

This is an action to recover for the death of plaintiff's decedent, alleged to have resulted from injuries received when she was thrown from her seat onto the floor of a car in defendant's train in which she was traveling as a passenger from Lake Worth, Florida, to Boston. Defendant moves to dismiss for lack of jurisdiction.

There is no diversity of citizenship, and the sole question is whether the allegations in the complaint of violation by the defendant of the Safety Appliances Acts, 45 U.S. C.A. § 1 et seq., make the cause of action one arising under the laws of the United States, 28 U.S.C.A. § 1331.

To make a case one arising under the laws of the United States, the right sought to be enforced should be a federal one. People of Puerto Rico v. Russell & Co., 288 U.S. 476, 483, 53 S.Ct. 447, 77 L. Ed. 903. It is not enough that in an action to enforce a right arising under state law or statute, a question of federal law is involved. Gully v. First National Bank in Meridian, 299 U.S. 109, 115, 57 S.Ct. 96, 81 L.Ed. 70.

514

The Safety Appliances Acts make violation of their prohibitions unlawful, and provide a penalty for such violations, but they nowhere confer any right of action for injuries or death caused by such violations. Urie v. Thompson, 337 U.S. 163, 188, 69 S.Ct. 1018, 93 L.Ed. 1282. While the Acts thus prescribe a duty, the right to recover for injuries suffered through a breach of such duty springs either from the common law or, in the case of a death action, from the applicable statute. Moore v. Chesapeake & Ohio Railway Co., 291 U.S. 205, 215, 54 S.Ct. 402, 78 L.Ed. 755. Thus, as the Moore case points out, an employee of a railroad suffering injury while employed in interstate commerce can rely on a violation of the Safety Appliances Acts in an action in a federal court under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. But it is the latter Acts, and not the Safety Appliances Acts which create the right of action, and make the case one arising under the laws of the United States. Where the employee is injured in intrastate commerce the Employers' Liability Acts are no longer applicable, and while he may still rely on the breach of the duty imposed by the Safety Appliances Acts, his only right of action is that which is conferred by the applicable state statute or law. Gilvary v. Cuyahoga Valley Railway Co., 292 U.S. 57, 61, 54 S.Ct. 573, 78 L.Ed. 1123; Tipton v. Atchison, Topeka & Santa Fe Railway Co., 9 Cir., 78 F.2d 450.

It is true that the Safety Appliances Acts were intended for the protection of passengers as well as employees of the railroads. Fairport, Painesville & Eastern Railroad Co. v. Meredith, 292 U.S. 589, 594, 54 S.Ct. 826, 78 L.Ed. 1446. But no federal statute confers any right of action for the death of a passenger resulting from a violation of the Acts. Any right of plaintiff to recover arises under the applicable death statute of the appropriate state (the state in which injuries causing the death were sustained is not stated in the complaint), and the fact that plaintiff may be entitled in an action brought under such a statute to rely on the violation of the duty imposed

by the Safety Appliances Acts does not make this a case arising under the laws of the United States. Moore v. Chesapeake & Ohio Railway Co., supra, 291 U.S. at page 214, 54 S.Ct. 402.

Defendant's motion to dismiss is allowed.