### JACOBSON v. NEW YORK, N. H. & H. R. CO.

No. 4726.

United States Court of Appeals First Circuit.

July 14, 1953.

154

Herbert E. Tucker, Jr., Dorchester, Mass., with whom George P. Lordan and Cardozo, Lordan, Katz & Tucker, Boston, Mass., were on brief, for appellant.

Noel W. Deering, Boston, Mass., for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

The original complaint in this case stated an action in tort for negligence. In an effort to base federal jurisdiction on diversity of citizenship, the pleader set forth that plaintiff sued as administratrix of the estate of Margaret B. Price; that both plaintiff and her intestate were of Melrose, Massachusetts; that defendant, New York, New Haven and Hartford Railroad Company, was a Connecticut corporation. It was alleged that on May 2, 1950, Margaret B. Price was a passenger of defendant en route from Lake Worth, Florida, to Boston, Mass., and that during the journey she was, due to defendant's negligence, thrown to the floor by a lurch or jolt of the train, from which she received bodily injuries of which she died on May 21, 1950. Count 1 sought damages for conscious pain and suffering. Count 2 sought damages for wrongful death on behalf of the next of kin. The complaint did not state where the accident occurred, but counsel for appellant informed us at the oral argument that it took place in Boston.

Defendant filed a motion to dismiss the complaint for lack of diversity of citizenship, setting forth that defendant "is also a corporation duly organized under the laws of the Commonwealth of Massachusetts, and by reason thereof is a domestic corporation within the Commonwealth of Massachusetts." This motion the district court allowed, on the authority of Seavey v. Boston & Maine R. R. Co., 1 Cir., 1952, 197 F. 2d 485, with leave to plaintiff to file an amended complaint supporting federal jurisdiction.

Thereafter, plaintiff filed an amended complaint setting forth, in addition to the claim of diversity of citizenship, that jurisdiction "is based on the existence of a question under the Federal Statutes known as the Safety Appliance Act Section 1 et seq. Title 45 U.S.C.A. [as] hereinafter more fully appears." In support of that basis of jurisdiction, it was alleged that defendant so negligently and carelessly maintained and operated the brakes and couplings that as a result intestate was thrown out of her seat and received the injuries of which she died.

The district court granted a motion of defendant to dismiss the amended complaint for lack of jurisdiction of the subject matter of the action. Its memorandum of decision is reported in 109 F.Supp. 513. Plaintiff has appealed from the ensuing judgment of dismissal.

Appellant's main point is that the complaint properly invoked the jurisdiction of the district court under 28 U.S.C. § 1332 on the ground of diversity of citizenship, and that we ought to overrule our holding just a year ago in Seavey v. Boston & Maine R. R. Co., supra. Our decision in that case was carefully considered, and we adhere to it. In the present

case a citizen of Massachusetts is suing a corporation incorporated under the laws of Massachusetts on an alleged tort occurring in Massachusetts and governed in its substantive aspects by the local law of Massachusetts. Bearing in mind the underlying purpose of the diversity of citizenship clause in Art. III of the Constitution, we see no reason why we should strain to pull this case into the United States District Court for the District of Massachusetts merely because the defendant corporation is also incorporated under the laws of Connecticut. In the Seavey case, we recognized that our view was not in harmony with that taken in Gavin v. Hudson & Manhattan R. Co., 3 Cir., 1950, 185 F.2d 104, 27 A.L.R.2d 739, but as Judge Goodrich has recently remarked, in another connection, in McCoy v. Siler, 3 Cir., 205 F.2d 498: "The only policy consideration which is apparent is that we should not be astute to widen federal diversity jurisdiction."

Also, we think the district court was right in its conclusion that the subject matter of the cause of action stated in plaintiff's amended complaint, invoking the Safety Appliance Acts, 45 U.S.C.A. § 1 et seq., was not within the jurisdiction of the court under 28 U.S.C. § 1331.

■ By way of enforcement of the duties imposed by the Safety Appliance Acts, Congress merely imposed a small statutory penalty, to be recovered in a suit brought by the United States; in terms, at least, the Safety Appliance Acts confer no right of action for damages in favor of any individual suffering personal injuries as a result of violation of the various safety provisions.

But the federal Employers' Liability Acts, 45 U.S.C.A. § 51 et seq., do grant a federal statutory right of action to railroad employees suffering injury while employed in interstate commerce, as defined, and in the case of the death of such employee to his personal representative for the benefit of his next of kin, for such injury or death resulting in whole or in part from the negligence of the carrier, "or by reason of any defect or insufficiency, due to its negligence," in its cars, appliances

or other equipment. And it is settled that the federal Safety Appliance Acts and the Employers' Liability Acts are *in pari materia;* and when a railroad employee is entitled to sue under the Employers' Liability Acts he may recover without other proof of fault than a violation of a so-called "absolute duty" imposed by the Safety Appliance Acts. As stated in San Antonio etc. Ry. Co. v. Wagner, 1916, 241 U.S. 476, 484, 36 S.Ct. 626, 630, 60 L.Ed. 1110: "But the two statutes are *in pari materia,* and where the employers' liability act refers to 'any defect or insufficiency, *due to its negligence,* in its cars, engines, appliances,' etc., it clearly is the legislative intent to treat a violation of the safety appliance act as 'negligence,'— what is sometimes called negligence *per se.*" To the same effect see Moore v. Chesapeake & Ohio Ry. Co., 1934, 291 U. S. 205, 210, 54 S.Ct. 402, 78 L.Ed. 755; Brady v. Terminal R. Ass'n, 1938, 303 U. S. 10, 15, 58 S.Ct. 426, 82 L.Ed. 614; O'Donnell v. Elgin, Joliet & Eastern Ry. Co., 1949, 338 U.S. 384, 390, 70 S.Ct. 200, 94 L.Ed. 187; Carter v. Atlanta etc. Ry. Co., 1949, 338 U.S. 430, 434, 70 S.Ct. 226, 94 L.Ed. 236. The cause of action in a suit under the Employers' Liability Acts is a federal one, governed in its entirety by acts of Congress or by federal decisional law—in other words, by the provisions of the federal statutes so far as applicable, fitted into the common law background with respect to concepts of negligence, contributory negligence, last clear chance, assumption of risk, proximate cause, etc., as the federal common law doctrines in such particulars are determined and declared by decisions of the federal courts. See Chesapeake & Ohio Ry. Co. v. Kuhn, 1931, 284 U.S. 44, 46–47, 52 S.Ct. 45, 76 L. Ed. 157; Bailey v. Central Vt. Ry., Inc., 1943, 319 U.S. 350, 352, 63 S.Ct. 1062, 87 L.Ed. 1444; Dice v. Akron, C. & Y. R. Co., 1952, 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398.

■ It is true, as the Supreme Court has many times pointed out, that the classes of persons for whose protection the Safety Appliance Acts were passed include more than railroad employees, en-

gaged in interstate commerce, as defined, who are given federal statutory rights of action by the Employers' Liability Acts. This is evident in the original act of March 2, 1893, which was entitled an act "to promote the safety of employees and travelers upon railroads * * *." (27 Stat. 531.) Compliance with the statutory safeguards, in addition to protecting employees engaged in interstate commerce, would also tend in many cases to contribute to the personal safety of intrastate employees. See Gilvary v. Cuyahoga Valley R. Co., 1934, 292 U.S. 57, 54 S.Ct. 573, 78 L.Ed. 1123. Compliance with the acts would also tend to protect passengers, such as the plaintiff's intestate in the case at bar. See Fairport etc. R. R. Co. v. Meredith, 1934, 292 U.S. 589, 594, 54 S.Ct. 826, 78 L.Ed. 1446. In the latter case it was further held 292 U.S. at page 595, 54 S. Ct. at page 828, 78 L.Ed. 1446, that the title of the act need not necessarily be taken as indicating the complete legislative purpose; and that the installation and use of power brakes, as required by the Safety Appliance Acts, "so obviously contribute to the safety of the traveler at crossings that it is hardly probable that Congress could have contemplated their inapplicability to that situation."

When Congress in the Safety Appliance Acts imposed only penal sanctions for the observance of statutory safeguards enacted broadly for the protection of railway employees, passengers, and even travelers at crossings, and in a related act (the Employers' Liability Acts) created a private right of action only in employees engaged in interstate commerce, as defined, fairly obviously it cannot be maintained as a matter of statutory interpretation that Congress has also created a statutory right of action in favor of intrastate railway employees, or passengers, or travelers at crossings, injured as a result of violation by the railroad of the Safety Appliance Acts. "Where there is only a criminal penalty, and no mention of any civil remedy, many courts have read into the statute a supposed or 'presumed' intent to provide one. In the ordinary case this is pure fiction, since the obvious conclusion is that the legislature either did not have the civil action in mind at all, or deliberately omitted to provide for it." Prosser on Torts (1941) 265. This was squarely recognized in Gilvary v. Cuyahoga Valley Ry. Co., 1934, 292 U.S. 57, 54 S.Ct. 573, 78 L. Ed. 1123. Furthermore, the Court there commented, 292 U.S. at page 61, 54 S.Ct. at page 575, that if Congress had had the purpose of creating a right of action in favor of persons not covered by the Employers' Liability Acts, "Congress probably would have included provisions in respect of venue, jurisdiction of courts, limitations, measure of damages, and beneficiaries in case of death."

But though Congress has not created a statutory right of action in favor of passengers injured as a result of violation of the Safety Appliance Acts, it is still possible for the courts to do so on principles of the common law. The breach of a penal statute may be regarded by the courts as an operative fact upon the basis of which may be predicated a common law tort liability to a person injured as a result of the breach, provided he is within the class for whose protection the penal statute presumably was passed. The courts of the various states differ extensively in their formulation and application of the common law principle upon which a liability is created in favor of a person injured by breach of a criminal statute. Some courts speak of the breach as "negligence *per se*", others as "evidence of negligence" or as "prima facie evidence of negligence." Nor are they completely in agreement as to what is meant by these phrases. Furthermore, liability in such cases is fitted into whatever local variations there may be in common law doctrines as to contributory negligence, last clear chance, assumption of risk, proximate cause, etc.

The common law principle referred to in the previous paragraph was broadly stated in the leading case of Texas & Pac. Ry. Co. v. Rigsby, 1916, 241 U.S. 33, 39, 36 S.Ct. 482, 484, 60 L.Ed. 874, as follows: "A disregard of the command of the statute is a wrongful act, and where it results in damage to one of the class for whose

especial benefit the statute was enacted, the right to recover the damages from the party in default is implied, according to a doctrine of the common law * * *." If the federal courts had undertaken to apply this principle as a matter of federal decisional law, in the case of a breach of the Safety Appliance Acts resulting in personal injury to a person not entitled to sue under the Employers' Liability Acts, and if such liability had been imposed as a matter of federal common law without reference to local variation of statutory law or of common law doctrine applicable in the state where the injury occurred, it would perhaps follow that a complaint setting up such a liability would be a civil action arising "under the Constitution, laws or treaties of the United States" within the meaning of 28 U.S.C. § 1331. See Reitmeister v. Reitmeister, 2 Cir., 1947, 162 F.2d 691; Mater v. Holley, 5 Cir., 1952, 200 F.2d 123. Cf. Odell v. Humble Oil & Ref. Co., 10 Cir., 1953, 201 F.2d 123; Douceite v. Vincent, 1 Cir., 1952, 194 F.2d 834, 839 et seq. See also Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 71–73, 58 S.Ct. 817, 82 L.Ed. 1188.

■ But it is abundantly clear that the federal courts have not, as a matter of federal common law, developed a private right of action for damages for personal injuries resulting from a breach of the Safety Appliance Acts, in favor of persons not entitled to sue under the provisions of the Employers' Liability Acts. This is apparent from examination of the following cases, among others: Minneapolis, St. Paul etc. Ry. Co. v. Popplar, 1915, 237 U.S. 369, 35 S.Ct. 609, 59 L.Ed. 1000; Moore v. Chesapeake & Ohio Ry. Co., 1934, 291 U. S. 205, 54 S.Ct. 402, 78 L.Ed. 755; Gilvary v. Cuyahoga Valley Ry. Co., 1934, 292 U. S. 57, 54 S.Ct. 573, 78 L.Ed. 1123; Fairport etc. R. R. Co. v. Meredith, 1934, 292 U.S. 589, 54 S.Ct. 826, 78 L.Ed. 1446; Tipton v. Atchison, T. & S. F. Ry. Co., 1936, 298 U.S. 141, 56 S.Ct. 715, 80 L.Ed. 1091; Breisch v. Central R. of New Jersey, 1941, 312 U.S. 484, 61 S.Ct. 662, 85 L.Ed. 964; Andersen v. Bingham & G. Ry. Co., 10 Cir., 1948, 169 F.2d 328.

It follows, therefore, that if an action is brought in a state court by a passenger or other person not entitled to sue under the Employers' Liability Acts to recover damages for personal injury resulting from a violation of the Safety Appliance Acts, issues bearing upon the right to recover, relating, for example, to common law doctrines of last clear chance, the defense of contributory negligence, or proximate cause, depend upon the local law of the state where the injury occurred, and do not present federal questions reviewable by the Supreme Court under 28 U.S. C. § 1257(3). See Minneapolis, St. Paul etc. Ry. Co. v. Popplar, supra; Fairport etc. R. R. Co. v. Meredith, supra, 292 U.S. at pages 597–598, 54 S.Ct. 826, 78 L.Ed. 1446. However, questions arising in such state court actions "relating to the scope or construction of the Federal Safety Appliance Acts are, of course, federal questions which may appropriately be reviewed" by the Supreme Court on certiorari. Moore v. Chesapeake & Ohio Ry. Co., supra, 291 U.S. at page 214, 54 S.Ct. at page 405, 78 L.Ed. 755. This is well settled, whatever may be the theoretical difficulties presented. See 66 Harv.L.Rev. 1499 et seq. (1953).

It follows also, that if such an action is brought in or removed to a federal district court on grounds of diversity of citizenship, the substantive law to be applied, in determining the right to recover, is the statutory or common law of the state. Tipton v. Atchison, T. & S. F. Ry. Co., supra; Breisch v. Central R. R. of New Jersey, supra. And if there is no applicable state statute, the federal courts, since Erie R. Co v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, must apply the state common law as declared in the state courts.

Furthermore, it follows that where there is no diversity of citizenship such an action cannot be maintained in a federal district court, since the liability for damages and the corresponding private right of action, if any, are created by state law. Tipton v. Atchison, T. & S. F. Ry. Co., supra; Andersen v. Bingham & G. Ry. Co., supra;

Moore v. Chesapeake & Ohio Ry. Co., supra. Perhaps some of the language in Texas & Pac. Ry. Co. v. Rigsby, 1916, 241 U.S. 33, 36 S.Ct. 482, 60 L.Ed. 874, is susceptible of misunderstanding. There, an action in a state court by an intrastate employee was removed to a federal district court, though so far as appears there was no claim of diversity of citizenship. However, Chief Justice Hughes was careful to point out in Moore v. Chesapeake & Ohio Ry. Co., supra, in the footnote 291 U.S. at page 215, 54 S.Ct. at page 406, 78 L.Ed. 755, that in the Rigsby case the action "was removed to the federal court upon the ground that the defendant was a federal corporation." See Texas & Pac. Ry. Co. v. Kirk, 1885, 115 U.S. 2, 11, 5 S.Ct. 1113, 29 L.Ed. 319.

Of course there would be nothing incongruous if a state, as part of its local common law of torts, should impose a liability in favor of an intrastate employee, or of a passenger, suffering injuries within the state as a result of a breach by the railroad of a penal law enacted by Congress in part for the protection of such persons. The federal Safety Appliance Acts, under the supremacy clause, are part of the law of the land, fully applicable within the borders of the state; and the state courts, in formulating their local rules of tort liability, might well give the same significance to a breach of a penal act of Congress that they would give to a breach of a similar act of their state legislature. But the point is that the extent and conditions of any such liability would be a matter of local law. And it is well settled that in the case of intrastate employees injured as a result of a breach of the federal Safety Appliance Acts, the state legislatures have constitutional power to abolish altogether any common law right of action for damages, and to substitute an exclusive remedy under the state workmen's compensation act. Gilvary v. Cuyahoga Valley Ry. Co., supra; Tipton v. Atchison, T. & S. F. Ry. Co., supra; Breisch v. Central R. R. of New Jersey, supra. This the state legislatures would have no power to do if the injured intrastate employee had a paramount right of action for damages created either by the federal Safety Appliance Acts or by federal decisional law treating the breach of the penal statute as one of the operative facts.

■ It is also worth noting that in the case at bar, according to the allegations in the complaint, plaintiff's intestate died as a result of the injuries received. The complaint sought recovery by the administratrix (1) for the benefit of the next of kin on account of the wrongful death, and (2) for the benefit of the estate on account of conscious pain and suffering prior to death. As to the count for death, there is certainly no applicable federal wrongful death act giving such a right of action for the death of a passenger. The wrongful death provision of the federal Employers' Liability Act, 45 U.S.C.A. § 51, is inapplicable. Recovery on this count would obviously have to be based on the Massachusetts wrongful death act, C. 229, Mass. G.L.(Ter.Ed.), as amended. As to the count for conscious pain and suffering, it has from ancient times been the settled common law rule that tort actions did not survive the death of either the plaintiff or the defendant. See Prosser on Torts (1941) § 103. The survival provision of the federal Employers' Liability Act, 45 U.S.C.A. § 59, is of course inapplicable to passengers. Any recovery, therefore, by the administratrix for the intestate's conscious pain and suffering accruing prior to death as a result of the tort, could be sustained, if at all, only under the provisions for survival of actions in C. 228, Mass. G.L. (Ter.Ed.). This all goes to reinforce our conclusion that the subject matter of the cause of action stated in the amended complaint was not within the jurisdiction of the court below under 28 U.S.C. § 1331. It was not a civil action arising "under the Constitution, laws or treaties of the United States."

The judgment of the District Court is affirmed.