Ethel PUTERMAN, Plaintiff,

v.

PENNSYLVANIA RAILROAD COMPANY, Defendant.

Civ. No. 13406.

United States District Court
E. D. New York.

Feb. 5, 1957.

Julius S. Christensen, New York City, William A. Blank, Associate Counsel, Brooklyn, N.Y., for plaintiff.

Conboy, Hewitt, O'Brien & Boardman, New York City, for defendant, Herbert J. Kaplow, New York City, of counsel.

RAYFIEL, District Judge.

This is an action to recover damages for personal injuries sustained by the plaintiff while a passenger on one of the defendant's trains, which allegedly came to a sudden stop while approaching or entering the Pennsylvania Station in New York City.

Paragraph "Tenth" of the complaint alleges that the plaintiff's injuries resulted from various acts of negligence on the part of the defendant, including, inter alia, the failure "to have proper brakes and braking mechanisms on the train and locomotive."

The plaintiff now moves under Rule 15 of the Federal Rules of Civil Procedure, 28 U.S.C. for leave to amend the complaint by adding to paragraph "Tenth" thereof an allegation to the effect that the defendant violated the provisions of the Safety Appliance Act, Title 45 U.S. Code, §§ 1-16, in that the train on which the plaintiff was a passenger was caused to come to a sudden and violent stop because it was equipped with defective air brake appliances.

The defendant opposes the application on the ground (1) that the Safety Appliance Act does not grant a right of action thereunder to a *passenger*; (2) that, assuming that it does grant such a right, the proposed amendment would constitute a *new* cause of action, and, hence, be barred by the applicable Statute of Limitations of the State of New York, Section 49 of the New York Civil Practice Act, because more than three years have elapsed since the cause of action herein accrued; and (3) that the proposed amendment is not, as contended by the plaintiff, a repetition in substance of her claim, stated in paragraph "Tenth" of the complaint, that the defendant failed to equip the train in question with proper brakes, but sets up a different theory of liability which, at the current stage of this litigation, would seriously prejudice its rights. The grounds urged will be considered in that order.

■ It is true that the Safety Appliance Act does not give a right of action to a passenger. Neither does it give such a right to an employee of a railroad. Its preamble states that it was enacted for the benefit and protection of employees of *and passengers* on railroads. It is penal in nature. It imposes an absolute duty on a railroad to provide its trains with adequate power or train brakes. If it failed to do so in this instance such failure could constitute negligence *per se*, provided that it was the proximate cause of plaintiff's injuries.

■ Defendant's contention that the proposed amendment states a new cause of action, and is barred by the Statute of Limitations, is without merit. Plaintiff's pleading of the Safety Appliance Act does not state a *new claim*. As aforesaid, she has no right of action under said Act. Her action would still be based on negligence, the proposed

amendment merely alleging another manifestation thereof, namely, the defendant's failure to comply with a provision of the Act.

Defendant argues that the proposed amendment sets up a different theory of liability than that alleged in the present complaint, and that it would be prejudiced thereby. I disagree. It does no more than point out another respect in which the plaintiff claims that the defendant was negligent. The amendment cannot prejudice the defendant since paragraph "Tenth" of the complaint, as presently constituted, charges it with failure to have proper brakes and braking mechanisms on the train and locomotive.

The case of Jacobson v. New York, New Haven & Hartford Railroad Co., 1 Cir., 206 F.2d 153, cited at length by the defendant, does not lend support to defendant's argument. In that case, the facts in which differ from those in the instant case, the plaintiff commenced an action in tort for negligence, basing jurisdiction on diversity of citizenship. On defendant's motion the complaint was dismissed because of lack of such diversity, the order entered thereon granting leave to the plaintiff to file and serve an amended complaint. The plaintiff then served an amended complaint in which she invoked jurisdiction, not only on diversity of citizenship, but also on a law of the United States, to wit, the Safety Appliance Act, stating, in appropriate allegations, that the defendant had failed to provide the train in question with effective brakes. Thereafter, upon motion of the defendant, the District Court dismissed the amended complaint on the ground that it had no jurisdiction of the subject matter for the reason that the Safety Appliance Act gave no right of action. The complaint in the instant action, however, with the proposed amendment, still sounds in tort.

The Court, in the Jacobson case, supra, said at page 156, "But though Congress has not created a statutory right of action in favor of passengers injured as a result of violation of the Safety Appliance Acts, it is still possible for the courts to do so on principles of the common law. The breach of a penal statute may be regarded by the courts as an operative fact upon the basis of which may be predicated a common law tort liability to a person injured as a result of the breach, provided he is within the class for whose protection the penal statute presumably was passed."

Accordingly, plaintiff's motion for leave to amend her complaint is granted.

Settle order on notice.