## LYONS v. ILLINOIS GREYHOUND LINES, Inc.

### No. 10452.

United States Court of Appeals Seventh Circuit.

Nov. 1, 1951.

Luis Kutner, Reginald E. Goodwin, Chicago, Ill., for appellant.

Earle C. Hurley, John J. Sharon, Chicago, Ill. (Ryan, Condon & Livingston, Chicago, Ill., of counsel), for appellee.

Before MAJOR, Chief Judge, KERNER and DUFFY, Circuit Judges.

KERNER, Circuit Judge.

This appeal is from the dismissal of an action to recover damages for injuries alleged to have been sustained by plaintiff, a Negro woman, as a result of unlawful discrimination against her while a passenger on a motor vehicle engaged in interstate commerce. Jurisdiction was based solely on the alleged violation of Art. 1, § 8, Cl. 3 of the Constitution of the United States, and §

216(a) and (d) of the Interstate Commerce Act, 49 U.S.C.A. § 316(a) and (d). Defendant moved to dismiss for want of jurisdiction, relying on 49 U.S.C.A. § 304(c), providing for investigation of complaints of non-compliance with any provisions of the Act by the Interstate Commerce Commission. The court sustained defendant's motion.

The only question presented is whether a federal district court has jurisdiction of the subject matter of the suit.

The complaint sets up the following facts. On or about September 9, 1949, plaintiff purchased a round trip ticket for transportation on defendant's bus line from Chicago, Illinois, to Ruleville, Mississippi. At Paducah, Kentucky, the bus driver compelled plaintiff and other negro passengers to "shove" to the rear of the bus behind a curtain. At Memphis, Tennessee, a different driver required Negro passengers, including plaintiff, to give up their seats for white persons and to move closer to the rear of the bus where there were insufficient seats for the negro passengers, and forced plaintiff to stand in the aisle of the bus although at the time there were vacant seats in the section reserved for white passengers which was separated from the back section by a movable black curtain. Plaintiff complained to the driver and asked him either to let her sit in one of the empty seats or to move the curtain closer to the front of the bus. In response the driver said, "I'm driving this bus and stay behind that curtain, I don't care whether you are standing up." Plaintiff was thus compelled to stand the entire distance from Memphis to Ruleville, a distance of about 150 miles, and for a period of about five hours. As a result she suffered physical and mental pain and her health was impaired. She asks damages for her own pain and suffering and also asks punitive damages "for the wilful, wanton and malicious action of the defendant from further unreasonable and unequal treatment of herself and other members of the negro race," and such further relief as justice may require.

Section 216(d) of the Interstate Commerce Act makes it unlawful for any common carrier by motor vehicle engaged in interstate commerce "to subject any particular person * * * to any unjust discrimination or any undue or unreasonable prejudice or disadvantage in any respect whatsoever." There can be no question but that the conduct described in the complaint violates this statute, Henderson v. United States, 339 U.S. 816, 70 S.Ct. 843, 94 L.Ed. 1302, and defendant does not deny that it was the conduct of its duly authorized agent acting in its behalf. It contends, however, that the court lacked jurisdiction of the subject matter for the reason that Congress, in enacting the Interstate Commerce Act, conferred exclusive primary jurisdiction upon the Commission "to determine whether the practices or acts of an interstate motor carrier in a particular instance constitute an unreasonable or unlawful discrimination, under the Interstate Commerce Act." It relies on General American Tank Car Corp. v. El Dorado Terminal Co., 308 U.S. 422, 60 S.Ct. 325, 331, 84 L.Ed. 361, in support of this theory. That case differs from ours, however, in that there a complex state of facts involving the relative rights of the lessor and the lessee of tank cars to the mileage allowances required to be made by a carrier under the provisions of its duly filed tariff necessitated a full investigation of the facts by the Commission. The court held that the district court had jurisdiction of the cause but should have waited to adjudicate the rights and liabilities of the parties until a decision of the Commission as to the validity of the practice involved. "There should not be a dismissal, but * * * the cause should be held pending the conclusion of an appropriate administrative proceeding."

The possible double aspect of the cause of action, for future relief from the discriminatory practice in general, and for damages for the act of discrimination in particular, was recognized in Mitchell v. United States, 313 U.S. 80, 61 S.Ct. 873, 876, 85 L.Ed. 1201, a case relied upon by both parties here. The court there held that a three-judge district court erred in dismissing a suit to set aside an order of the Interstate Commerce Commission which had dismissed a complaint alleging unjust discrimination in the furnishing of accom-

modations to colored passengers on an interstate rail carrier in violation of § 3(1) of the Act, and that appellant there took an appropriate course in seeking a ruling of the Commission as to the reasonableness of the regulation giving rise to the discrimination. An inspection of the report of the original proceeding before the Commission (229 ICC 703) discloses that the only relief sought thereby was the "removal and avoidance in the future of the alleged discrimination and prejudice in the furnishing of accommodations." Both the court and the Commission referred in passing to the fact that the complainant also had an action at law pending against the carrier in a state court for damages incident to the discrimination. The court, however, did not hold that a person claiming damages could not in the first instance seek them in the federal district court.

 It is true, as defendant points out, that in the Mitchell case, the court said, "The determination whether a discrimination by an interstate carrier is unjust and unlawful necessitates an inquiry into particular facts and the practice of the carrier in a particular relation, and this underlying inquiry is precisely that which the Commission is authorized to make. * * *" But the facts stated in the complaint before us require no preliminary inquiry by special administrative tribunal as to reasonableness. If the acts described in the complaint were authorized by defendant's regulations, then such regulations were clearly invalid under the rule of Henderson v. United States, 339 U.S. 816, 70 S.Ct. 843, 94 L.Ed. 1302. See also Chance v. Lambeth, 4 Cir., 186 F.2d 879; Whiteside v. Southern Bus Lines, 6 Cir., 177 F.2d 949. Of course, such considerations cannot be decided upon the pleadings; they must wait for the evidence developed at the trial. Yet, if we accept for the purposes of this appeal, the allegations of the complaint as true, they describe a kind of discrimination which was not only unjust within the purview of § 216(d), but which also dangerously and unnecessarily increased the hazards of transportation. This gave rise to a cause of action under the Act for any resulting injuries. Section 1337 of the Judicial Code, 28 U.S.C.A. §

1337, confers upon district courts original jurisdiction of any civil actions arising under any Act of Congress regulating commerce. It follows that the court erred in dismissing the action for want of jurisdiction of the subject matter. See Solomon v. Pennsylvania R. Co., D.C., 96 F.Supp. 709, for an excellent discussion of precisely the same question of jurisdiction as is here presented. We are in complete accord with the views there expressed.

Judgment reversed and cause remanded for further proceedings.