## SCHUMAN v. LITTLE BAY CONST. CORP. et al.

United States District Court
S. D. New York.

March 20, 1953.

Archibald Palmer, New York City, for plaintiff.

Amen, Gans, Weisman & Butler, New York City, for defendant Arnold C. Stream, Herman L. Weisman, New York City, of counsel.

McGOHEY, District Judge.

The defendant Stream moves to dismiss the complaint on several grounds of which one is that the court lacks jurisdiction because parties are all citizens of New York and the suit presents no question arising under the Constitution or laws of the United States. That ground, if established, is sufficient to dispose of the motion.

The complaint, which is long, verbose and confused, appears to set up two causes of action. In the first, the plaintiff, a stockholder of Clearview Gardens First Corpora-

tion, purports to assert a claim on behalf of that corporation arising from certain alleged conduct of some of the defendants which it is claimed resulted in loss and damage to the corporation. The second cause of action appears to be a spurious class action in which the plaintiff, for himself and all other stockholders, seeks to annul each separate contract between each member of the "class" and the defendant Clearview Associates, Inc. The contracts are independent of each other and in none does the amount exceed $1,200; in most instances it is either $1,000 or $800.

The complaint, which is partly printed and partly typed, was filed January 5, 1953. Except for the typed portion, the complaint is substantially the same one previously dismissed in December, 1952 in an identical suit in the state court. There, of course, it was not claimed that the suit involved "a federal question." After that dismissal plaintiff's counsel merely replaced the first page of the old complaint with a typewritten sheet so as to plead federal jurisdiction arising under the "Federal" (sic) Housing Act of 1950, 12 U.S.C.A. § 1702 et seq., and more than $3,000 as the amount involved.

■ It is conceded that all the parties are citizens of New York. Federal jurisdiction is rested on the allegation that "this case arises under a Federal Statute, to wit, The Housing Act of 1950 as amended." The theory apparently is that this court has jurisdiction because the alleged acts of mismanagement and breaches of fiduciary duty are also breaches of the National Housing Act of 1950 and that, in order to determine the defendants' liabilities, the court will necessarily have to interpret that Act. But these, if any, would be complete even if they were not violations of the Act, and so a determination of federal law is not necessarily involved.[1] In the absence of such necessity to interpret a federal law, this court lacks jurisdiction.[2]

■ The second cause of action has an additional defect. It is clear that no member of the class has a claim in excess of $1,200 which is, of course, far below the amount required to give this court jurisdiction. These claims, while affected by common questions of law and fact, are several and the absence of any greater community of interest forecloses their aggregation for jurisdictional purposes.[3]

The one thing which this complaint can be said to show clearly is that there is no possible basis for federal jurisdiction. Accordingly, and also because of the prior history of the litigation, the motion is granted without leave to amend.

Settle order.

1. See Meyer v. Kansas City Southern Ry. Co., 2 Cir., 84 F.2d 411, 414.

2. Skelly Oil Co. v. Phillips Co., 339 U.S. 667, 671, ff, 70 S.Ct. 876, 94 L.Ed. 1194.

3. Ames v. Mengel Co., 2 Cir., 190 F.2d 344, 347.