Ella FITZGERALD, John Lewis, Georgiana Henry and Norman Granz, Plaintiffs,

v.

PAN AMERICAN WORLD AIRWAYS, Inc., Defendant.

United States District Court
S. D. New York.
July 8, 1955.

Bergerman & Hourwich, New York City, for plaintiffs.

Haight, Deming, Gardner, Poor & Havens, New York City, for defendant.

BICKS, District Judge.

Plaintiffs claim to have sustained damages because they were denied permission to travel as passengers on one of defendant's airplanes on a flight from Honolulu to Sidney, Australia, and bring this suit to obtain redress. Three of the plaintiffs had flown from San Francisco to Honolulu on said plane and all of them held reservations through to Sidney.

The complaint alleges [1] that defendant's conduct was violative of Section 404(b) of the Civil Aeronautics Act of 1938, 49 U.S.C.A. § 484(b), in that it was "willful and malicious and was motivated by prejudice against the plaintiffs, Fitzgerald, Lewis and Henry because of their race and color, and * * subjected plaintiffs to unjust discrimination and undue and unreasonable prejudice and disadvantage", and that the action arises under said Act. It alleges also that "The said conduct of the defendant constituted a breach of its duty as a common carrier and an air carrier to the plaintiffs and a breach of the contracts for air transportation respectively held by the plaintiffs * * *."

Defendant has moved to dismiss the complaint. While not so stated in the moving papers, the grounds of the application are that whatever cause of action may be stated in the complaint, it is not one upon which relief can be granted under the Civil Aeronautics Act of 1938 and, diversity of citizenship being absent, this Court does not have jurisdiction of the suit. The grounds of the motion have been restated by the Court with a view to avoiding the confusion between the question of jurisdiction and the merits of the suit which is reflected in the briefs. A complaint which sets forth a substantial claim under a federal statute presents a case within the jurisdic-

1. For the purpose of this discussion the allegations of the complaint are deemed to be true.

tion of a federal court, even though it fails to state a cause of action good on the merits.[2] Whether the complaint states a claim upon which relief can be granted is a question which must be decided after, and not before the Court has assumed jurisdiction over the controversy.

Our query in this case is twofold: (1) Was it the pleader's purpose to make violation of the Civil Aeronautics Act of 1938 the basis of the suit? An affirmative answer would take us to the second query, i. e., whether the complaint states a claim upon which relief can be granted under the Civil Aeronautics Act.

■ Addressing ourselves to the first query, while the allegations with respect to the defendant's breach of contract and its duties as a common air carrier would be appropriate in a suit founded upon the common law, and the complaint would state a claim upon which relief could be granted under the common law if all reference to the Civil Aeronautics Act were deleted therefrom, the liberal rules for pleading permit of construing the complaint as claiming a right under the Act.[3]

In considering the second problem, it should be observed at the outset that while the Civil Aeronautics Act § 404(b) provides that "No air carrier * * * shall * * * subject any particular person * * * to any unjust discrimination or any undue or unreasonable prejudice or disadvantage in any respect whatsoever", the Act does not expressly create a civil liability on the part of the offending airline in favor of the ag-

grieved person. The issue, therefore, is whether, absent such express provision, the plaintiffs may recover under the Act for its violation.

Plaintiffs urge that "a violation of a federal statute gives rise to a cause of action under the statute for any resulting injuries." There appears to be no case construing the Civil Aeronautics Act in this regard[4] and the cases involving violations of other federal statutes are not in accord. In support of their position plaintiffs cite Solomon v. Pennsylvania R. Co., D.C.S.D.N.Y.1951, 96 F.Supp. 709; Lichten v. Eastern Airlines, 2 Cir., 1951, 189 F.2d 939, 25 A.L.R. 2d 1337; Mack v. Eastern Air Lines, D.C. Mass.1949, 87 F.Supp. 113; Texas & Pacific Ry. Co. v. Rigsby, 241 U.S. 33, 36 S.Ct. 482, 60 L.Ed. 874; Lyons v. Illinois Greyhound Lines, Inc., 7 Cir., 1951, 192 F.2d 533; Tunstall v. Brotherhood of Locomotive Firemen & Enginemen, 323 U.S. 210, 65 S.Ct. 235, 89 L.Ed. 187; Weiss v. Los Angeles Broadcasting Co., 9 Cir., 1947, 163 F.2d 313; Reitmeister v. Reitmeister, 2 Cir., 1947, 162 F.2d 691; and Laughlin v. Riddle Aviation Co., 5 Cir., 1953, 205 F.2d 948.

■ Defendant contends that, although the breach of the Civil Aeronautics Act may be an operative fact upon which common law tort liability may be predicated, the liability for damages and the corresponding right of action, if any, are created by state law, citing Andersen v. Bingham & G. Ry. Co., 10 Cir., 1948, 169 F.2d 328, 14 A.L.R.2d 987; Jacobson v. New York, N. H. & H. R. Co., 1 Cir., 1953, 206 F.2d 153, affirmed 347

2. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939; The Fair v. Kohler Die & Speciality Co., 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716; Fielding v. Allen, 2 Cir., 1950, 181 F.2d 163.

3. Norman Granz, one of the plaintiffs, is a Caucasian. The complaint does not allege that he was discriminated against by reason of his race. Counsel for the defendant has agreed that if the complaint is upheld as to the remaining three plaintiffs it should also be upheld as to plaintiff Granz. This agreement renders unnecessary separate an-

alysis of the complaint insofar as plaintiff Granz is concerned.

4. There is dicta in Slick Airways v. American Airlines D.C.N.J.1951, 107 F. Supp. 199 intimating that no such remedy is available: "* * * if the instant complaint merely sought to recover damages under the Civil Aeronautics Act on account of unfair competitive practices committed, or unreasonable rates charged, by defendants, I would agree that it would not state a cause of action in this court." at page 212.

U.S. 909, 74 S.Ct. 474, 98 L.Ed. 1067; Meyer v. Kansas City Southern Ry. Co., 2 Cir., 1936, 84 F.2d 411, certiorari denied 299 U.S. 607, 57 S.Ct. 233, 81 L.Ed. 448; Schuman v. Little Bay Const. Corp., D.C.S.D.N.Y.1953, 110 F.Supp. 903; Gilvary v. Cuyahoga Valley Ry. Co., 292 U.S. 57, 54 S.Ct. 573, 78 L.Ed. 1123.

The cases cited by the defendant sustain its contention. Clearly, plaintiffs have a right and remedy under the common law of the State of New York.[5] Although the pertinent provisions of the Civil Aeronautics Act may lurk in the background as creating a duty, the right of action and the incidents thereof spring from state law.[6] The fact that a federal statute may also have been violated is immaterial since defendant's conduct was a complete breach of its common law duty.[7]

The cases cited by plaintiffs are distinguishable. Solomon v. Pennsylvania R. Co., is not in point for two reasons: (i) recovery was not sought under any federal law, the suit having been removed from the State Court on the grounds of diversity of citizenship,[8] and (ii) the issue was simply whether the Interstate Commerce Commission had primary jurisdiction. Lichten v. Eastern Airlines, and Mack v. Eastern Airlines, are also inapposite. They stand for the proposition that where common law duties or obligations conflict with those created or imposed by the Civil Aeronautics Act, the latter and not the former are controlling. No such conflict exists in the case at bar. Nor does Texas & Pacific Ry. v. Rigsby aid plaintiffs' cause. On the contrary, as construed by the Supreme Court in Gilvary v. Cuyahoga Valley Ry. Co., supra, the Rigsby opinion "supports" the Supreme Court's "recent construction of these [Safety Appliance] Acts that, while they prescribe the duty, the right to recover damages sustained by the injured employee through the breach 'sprang from the principle of the common law' * * *." 292 U.S. at page 61, 54 S.Ct. at page 575. It is true that some of the language in Lyons v. Illinois Greyhound Lines, supra, appears to support plaintiffs' position. However, there again, as in Solomon v. Pennsylvania R. Co., supra, the question was whether the Interstate Commerce Commission had primary jurisdiction. The question whether the right of action arose under the Statute or under the common law does not appear to have been raised. To the extent that the Lyons case may be in conflict with the Andersen, Jacobson, Meyer, Schuman and Gilvary cases, supra, the Court, with due deference, will follow the latter.

In the remaining cases relied upon by the plaintiffs a right to civil recovery for the alleged wrong did not exist prior to the enactment of the particular federal statutes involved so that the causes of action could arise only under those statutes.

Motion granted. The complaint is dismissed for failure to state a claim upon which relief may be granted.

5. See e. g. Madden v. Queens County Jockey Club, 1947, 296 N.Y. 249, 253, 72 N.E.2d 697, 10 A.L.R.2d 1160; People v. King, 110 N.Y. 418, 427, 18 N.E. 245, 1 L.R.A. 293. Indeed, plaintiffs have commenced a suit in the State Court to recover for the incident complained of herein founded solely upon the law of New York State.

6. Cf. Andersen v. Bingham & G. Ry. Co., 10 Cir., 169 F.2d 328, 14 A.L.R.2d 987; Jacobson v. New York, N. H. & H. R. Co., 1 Cir., 206 F.2d 153; Gilvary v. Cuyahoga Valley Ry. Co., 292 U.S. 57, 61, 54 S.Ct. 573, 78 L.Ed. 1123; Moore v. Chesapeake & Ohio Ry. Co., 291 U.S. 205, 215, 54 S.Ct. 402, 78 L.Ed. 755.

The Civil Aeronautics Act expressly provides that its provisions shall not abridge or alter common law remedies. 49 U.S.C.A. § 676. For a case holding that such a clause does not in itself confer any right under federal law see Consolidated Freightways, Inc., v. United Truck Lines, Inc., 9 Cir., 1954, 216 F.2d 543.

7. Cf. Meyer v. Kansas City Southern Ry. Co., 2 Cir., 84 F.2d 411; Schuman v. Little Bay Const. Corp., D.C., 110 F. Supp. 903.

8. These facts appear in the Court's file, though not referred to in the opinion of the Court.