Mildred J. BAKER, individually and as representative and on behalf of all persons, firms, corporations and trustees who borrowed money from Northland Mortgage Company, a Minnesota corporation, evidenced by their notes secured by mortgages on real estate, which loans were insured by agencies of the United States of America, a Class, Plaintiff,

v.

NORTHLAND MORTGAGE COMPANY, a corporation organized and existing under the laws of the State of Minnesota, Defendant.

No. 72 C 59.

United States District Court, N. D. Illinois, E. D.

July 31, 1972.

# 1386

Edward Atlas, Harold Harris and Philip S. Lieb, Chicago, Ill., for plaintiff.

Hubachek, Kelly, Rauch & Kirby, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

Plaintiff has brought this class action on behalf of all persons who borrowed money from defendant to finance the purchase of homes. Defendant moves to dismiss for lack of subject matter jurisdiction. The motion is granted.

The gravamen of the amended complaint is that defendant is using the class' monthly advance payments for ground rents, insurance premiums, taxes and assessments for its own benefit (earning interest and commingling them with the general funds)—thereby violating that portion of the mortgage contracts which states that such payments shall be held in trust to pay said ground rents, premiums, taxes and assessments. The amended complaint substituted 28 U.S.C. § 1337 for 28 U.S.C. § 1332(a) as the basis for jurisdiction and alleged that the defendant's breach of fiduciary duty violated 24 C.F.R. § 203.4(c) (2).

Section 1337 provides jurisdiction for claims arising under an act of Congress regulating commerce. Plaintiff argues that her claim arises under the National Housing Act, 12 U.S.C. § 1701 et seq. and the regulations of the Federal Housing Administration, 24 C.F.R. 203 et seq., and its Mortgagees' Guide.

 However, plaintiff has not demonstrated that this is anything more than an action for breach of the mortgage contract; indeed, the Court understands that a companion action has been instituted in state court upon that ground. The statute and regulations relied upon deal only with relations between the mortgagee and the government, and give mortgagors no claim to a duty owed nor a remedy. See United States v. Neustadt, 366 U.S. 696, 709, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961). Since the federal laws involved are not an essential element of plaintiff's cause of action and do not afford her a remedy, there can be no jurisdiction under Section 1337. Gully v. First National Bank of Meridian, 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936); Russo v. Kirby, 453 F.2d 548, 551 (2d Cir. 1971); Schuman v. Little Bay Const. Corp., 110 F. Supp. 903, 904 (S.D.N.Y.1953).

The case will be dismissed and judgment will be entered for defendant.

It is so ordered.